18710. MURPHY *v.* DOMINY, Director, Department of Public Safety.

SUBMITTED SEPTEMBER 17, 1954—DECIDED OCTOBER 11, 1954.

*James H. Dodgen,* for plaintiff in error.

*Eugene Cook, Attorney-General, Hamilton Stephens, Assistant Attorney-General,* contra.

ALMAND, Justice. This was a petition for a mandamus absolute brought by Walter C. Murphy against W. C. Dominy, Director of Public Safety, to require the defendant to turn over to the plaintiff his license to drive an ·automobile. The case was submitted to the trial court without the intervention of a jury on the facts alleged in the petition and the response. In substance, they were: On October 8, 1953, upon the plaintiff's plea of guilty to the offense of operating a motor vehicle while under the influence of intoxicating liquor, the judge of the Criminal Court of Fulton County imposed a fine of $350 or service of 12 months upon the public works, and suspended petitioner's license to drive an automobile for a term of 6 months. Copies of the plea of guilty, sentence, and driver's license were transmitted to the Department of Public Safety. The 6 months having expired from the date of the judgment suspending the license, the petitioner made demand on the defendant director to send him his driver's license, and such demand was refused on the ground that on October 26, 1953, the Department of Public Safety revoked his license for a period of 3 years, in accordance with section 7-A of the Motor Vehicle Safety Responsibility Act approved February 21, 1951 (Ga. L. 1951, pp. 565, 571; Code, Ann. Supp., § 92A-608). The petitioner has never qualified for reinstatement of his license as provided for under that act. The contention of the petitioner was that the court in its sentence in the criminal case having suspended his driver's license for 6 months, the defendant director was without power or right to withhold his license for any time exceeding 6 months from the date of his conviction; and that he is being deprived of his property rights in violation of art. I, sec. II, par. III, of the Constitution of Georgia, which provides that no person shall be deprived of his property without due process of law. The court entered an order denying the prayer for a mandamus absolute, and the petitioner excepted.

The Motor Vehicle Safety Responsibility Act of 1951 states

in its caption that the act is one "to provide for the giving of security by owners and operators of motor vehicles." Section 2 provides that the Director of Public Safety shall administer the provisions of the act, "and may make rules and regulations necessary for its administration and shall provide for hearings upon request of persons aggrieved by orders or acts of the Director under the provisions of this Act." Code (Ann. Supp.) § 92A-602. Section 7-A (Code, Ann. Supp., § 92A-608) provides that, upon the conviction by a court of competent jurisdiction of the holder of a driver's license of driving a motor vehicle under the influence of intoxicating liquor, "it shall be mandatory upon the Director to revoke such . . .  license for a period of" 3 years. This section further provides that, after the expiration of 60 days from the date of conviction, the Director shall reinstate the driver's license only in the event he has qualified as a self-insurer, or produces evidence that he has obtained a policy of liability insurance, or a surety bond, and if the Director is convinced that said licensee does not have the above described financial coverage at any time during a period of 3 years following his conviction, it shall be the duty of the Director to immediately revoke the license of the operator involved.

The plaintiff contends that, in view of section 7 of the act of 1951 (Ga. L. 1951, pp. 598, 603; Code, Ann. Supp., § 92A-9908), and Code (Ann. Supp.) § 92A-608, supra, the Director of Public Safety is without power or authority to revoke a driver's license upon conviction for driving an automobile while under the influence of intoxicating liquor. Code (Ann. Supp.) § 92A-9908, supra, provides that, upon the conviction, in any court of competent jurisdiction, of one licensed for the operation of an automobile of the offense of driving while intoxicated, the court trying the case has jurisdiction and authority to cancel or suspend the license for such time and upon such conditions as it may deem proper, and imposes upon the clerk of such court the duty of transmitting a copy of the judgment to the Department of Public Safety. The plaintiff contends that it was the intention of the legislature to give to the courts exclusive jurisdiction of suspended drivers' licenses, and that the suspension for 6 months in this case was a part of the sentence in the trial court, and that the provisions of Code (Ann. Supp.) § 92A-608—that, upon con-

viction of an operator by a court of competent jurisdiction of the offense of driving a motor vehicle while intoxicated, "it shall be mandatory upon the Director to revoke said . . . license for a period of" 3 years—has no application in such a situation.

There is no merit in this contention. No attack is made upon the validity of the Motor Vehicle Safety Responsibility. Act. The two acts have separate and distinct objectives. The object of the law which gives to the trial judge the right to suspend the license of a driver convicted of driving while intoxicated is to provide for the suspension of the license as part of the punishment for the violation of the law, while the Motor Vehicle Responsibility Law has for its purpose requiring the qualification of the licensee as a self-insurer, or the giving of a liability insurance policy or a surety bond, for the protection of the public from any loss or damage during a period of 3 years. One deals with the revocation of a privilege, and the other with a suspension of the privilege as a part of the punishment for violating the law. In the event of revocation by the Department of Public Safety, the Director, after 60 days from the date of conviction, is required to reinstate the driver's license upon the licensee showing that he has qualified as a self-insurer, or produces evidence to the Director that he has obtained a policy of liability insurance, or a surety bond.

It affirmatively appearing that the plaintiff has made no attempt to comply with section 7-A of the Motor Vehicle Safety Responsibility Act for the reinstatement of his license, and that his license has been lawfully revoked by the Department of Public Safety, and that there is a provision under section 2 of said act whereby the Director of Public Safety is authorized to administer the act, with the right for a hearing upon request of any person aggrieved by orders of the Director, the trial court was correct in holding that the plaintiff has not exhausted his remedies under the Motor Vehicle Safety Responsibility Act of 1951, and therefore it was not error to refuse a mandamus absolute.

*Judgment affirmed. All the Justices concur.*