21874. WALLER v. CONNER, Director.

Submitted January 16, 1963—Decided February 11, 1963.

*Stewart & Goggins,* for plaintiff in error.

*Eugene Cook, Attorney General, Howard P. Wallace, Assistant Attorney General,* contra.

ALMAND, Justice. The bill of exceptions assigns error on an order sustaining a general demurrer to a petition seeking injunctive relief.

The plaintiff, Emmett L. Waller, alleged that the defendant, Lowell Conner, as Director of the Georgia Department of Public Safety, notified him in March, 1962, that one Harry Beerman had filed an affidavit that he had suffered damages by reason of the plaintiff's operation of his automobile and unless he obtained a bond with sufficient securities in a specified amount by March 30, 1962, he would be required to surrender to the department his automobile license tag and driver's license. At the request of the plaintiff, a hearing was held by the defendant director at which hearing the director denied his request to keep his tag and driver's license. The petition does not allege that any appeal from the order of the director was made to the superior court. The petition attacked several portions of the Motor Vehicle Safety Responsibility Act of 1951 (Ga. L. 1951, p. 565; *Code Ann. Ch.* 92A-6) as amended, as being unconstitutional.

Section 5 of said act provides that the person involved in an automobile accident in which there is injury to person or damage to the property of any one person in excess of a specified amount shall report such accident in writing to the director, and the director, upon receipt of such report, shall suspend the license, registration certificate and registration plates of the owner or operator of the motor vehicle involved in the accident until such owner or operator furnishes security, sufficient in the judgment of the director, to satisfy any judgment for damages resulting from the accident. Section 13 of said act requires the owner or operator to surrender his license and registration to the director upon suspension of same. Section 2 of the act provides for a hearing by the director upon request by any person aggrieved by orders or acts of the director, with the right of the aggrieved person to appeal to the superior court of the county in which the aggrieved person resides.

The petition discloses that the director, in the suspension of plaintiff's driver's license and certificate of registration, followed the provisions of the act of 1951, as amended, and afforded plaintiff a hearing but that the plaintiff did not appeal the order of

the director refusing to revoke the suspension order. Thus it is apparent that he had an adequate remedy of appeal and he has not exhausted his statutory remedies. Where all the relief sought can be obtained in the manner provided by law, a suit in equity for injunctive relief will not lie. See *Scarbrough v. Cook,* 208 Ga. 697 (2) (69 SE2d 201). For cases involving similar factual situations where the plaintiffs sought to have certain provisions of the Motor Vehicle Safety Responsibility Act declared unconstitutional and to enjoin the director from requiring the plaintiff to surrender his license and this court ruled that the plaintiff had not exhausted all available remedies at law, see *Lively v. Grinstead,* 210 Ga. 361 (2) (80 SE2d 316); and *Spruill v. Dominy,* 212 Ga. 145 (2) (91 SE2d 43). See also *Murphy v. Dominy,* 211 Ga. 70 (84 SE2d 193), a mandamus case.

■ This court will not pass upon the constitutionality of a statute where a determination of such question is not essential to a disposition of the case. See *Spruill v. Dominy,* 212 Ga. 145 (1), supra.

It was not error to sustain the general demurrer and dismiss plaintiff's petition.

*Judgment affirmed. All the Justices concur.*