43425. BURSON, Director v. BISHOP.

ARGUED FEBRUARY 5, 1968—DECIDED APRIL 4, 1968.

Arthur K. Bolton, Attorney General, Marion O. Gordon, Mathew Robins, Assistant Attorneys General, for appellant.

FELTON, Chief Judge. ■ The jurisdictional provisions of Code Ann. § 92A-423, supra, apply solely to appeals from refusals, suspensions, revocations and cancellation of licenses for the various causes specified in Code Ann. Ch. 92A-4, which chapter has different objectives from those of Ch. 92A-6, under which the present proceeding was brought. See Murphy v. Dominy, 211 Ga. 70, 73 (84 SE2d 193). Therefore, if the Civil and Criminal Court of Clayton County had jurisdiction of this appeal from the proceeding under § 92A-609 (c) it must have been by virtue of the provisions of the Motor Vehicle Safety Responsibility Act (Code Ann. Ch. 92A-6), specifically § 92A-602 (Ga. L. 1951, pp. 565, 567; 1956, pp. 543, 547).

■ Code Ann. § 92A-602 provides for appeals from decisions of the Director of Public Safety under Ch. 92A-6 "to the *superior court* of the county of his [the aggrieved person's] residence, by notice to the director, *in the same manner as appeals are entered from the court of ordinary.* . ." (Emphasis supplied.) The superior court is given jurisdiction of appeals from decisions

of the court of ordinary both by the Constitution (Art. VI, Sec. VI, Par. I; *Code Ann.* § 2-4101) and by statutes, i.e. *Code* § 6-201 (Ga. L. 1805, Cobb, 283; Ga. L. 1823, Cobb, 497; Ga. L. 1850, p. 35; Ga. L. 1851-2, pp. 50, 97; Ga. L. 1866, p. 24); *Code Ann.* § 24-2615 (3, 4) (Ga. L. 1799, Cobb, 1135; Ga. L. 1868, p. 131). Even if the phrase "in the same manner" in *Code Ann.* § 92A-602 be construed to refer merely to the procedural, rather than the. jurisdictional, aspects of appeals from the court of ordinary, however, it can still be demonstrated that the superior court's jurisdiction under this section is exclusive.

Section 1 of the Act creating the Civil and Criminal Court of Clayton County (Ga. L. 1964, pp. 2032, 2033) provides as follows: "A city court for the County of Clayton, in the City of Jonesboro, to be known as the 'Civil and Criminal Court of Clayton County' is hereby established and created with civil and criminal jurisdiction of the whole County of Clayton concurrent with the Superior Court, to be held in the Clayton County courthouse, to try and dispose of all civil cases of whatever nature wherein the principal sum sworn to, sued for or claimed to be due, exclusive of interest, penalties, and attorney's fees does not exceed $10,000, except those cases involving personal injury and those cases which the laws and Constitution of this State has given the superior court exclusive jurisdiction; and with criminal jurisdiction to try and dispose of all offenses below the grade of felony committed in Clayton County, Georgia. When a counter-complaint or cross-action is filed, the Civil and Criminal Court of Clayton County shall retain jurisdiction regardless of the amount sued for provided no personal injury is involved. If a cross-action is filed, involving a personal injury, the cross-action and the main suit shall be automatically transferred to the Superior Court of Clayton County and an order shall be entered by the clerk of the Civil and Criminal Court of Clayton County to that effect. The court shall have power and authority to issue warrants of all types, dispose of issues arising therefrom, hold commitments and bind over to the proper court as the case or cases may warrant. That the jurisdiction conferred herein shall include not only the ordinary suits by petition and process, but also the other kinds of suits and proceedings

that now or may hereafter be in use in any inferior court or in the superior court, either under the common law or statutes. The judge of the Civil and Criminal Court of Clayton County shall have the power to issue writs of habeas corpus and hear and dispose of the same in the same way and with the same powers as the judge of the superior court." Although the above Act seems to grant rather broad jurisdiction concurrent with the superior court, upon closer study it becomes apparent that it applies only to *original,* not *appellate,* jurisdiction. The language "to try and dispose of . . ." is consistent with this construction. The fact that the present case is not one of the class of which the Constitution (Art. VI, Sec. IV, Par. I, *Code Ann.* § 2-3901) gives the superior court exclusive jurisdiction does not demand the opposite conclusion. That this constitutional provision, as well as the one defining the superior court's "general jurisdiction" (Art. VI, Sec. IV, Par. III; *Code Ann.* § 2-3903), has reference to original jurisdiction can be seen by the fact that, immediately thereafter, the Constitution makes specific provision for the superior court's "appellate jurisdiction," i. e.: "in all such cases as may be provided by law." Art. VI, Sec. IV, Par. IV *(Code Ann.* § 2-3904).

To hold that the Civil and Criminal Court of Clayton County —an "inferior tribunal" to the superior court—was granted concurrent jurisdiction of the present appeal with the superior court by the Act creating said court, would amount to holding that the Act had repealed by implication the provisions of *Code Ann.* § 24-2615 (4), giving the superior courts authority to "exercise a general supervision over *all inferior tribunals,* and to review and correct, in the manner prescribed by law, the judgments of . . . any inferior judicature. . ." Such repeals by implication are not favored by the law. Constitution, Art. III, Sec. VII, Par. XVI; *Code Ann.* § 2-1916; *Morris v. City of Council of Augusta,* 201 Ga. 666, 672 (2) (40 SE2d 710) and cit. "[T]he appellate jurisdiction of the superior court *must be exercised,* and can only be exercised, in those cases where the right of appeal thereto is provided by law." (Emphasis supplied.) *Ga. R. & Bkg. Co. v. Redwine,* 208 Ga. 261 (2) (66 SE2d 234) and cit. Since the law *(Code Ann.* § 92A-602) provides the right of ap-

peal to the superior court, that court, and that one alone, must exercise jurisdiction of such appeal.

Accordingly, the Civil and Criminal Court of Clayton County did not have jurisdiction of the appeal, and the judgment of said court in favor of the driver was null and void. The court, therefore, erred in its judgment overruling the motion of the appellant Director of Public Safety to set aside said judgment. See *Code* § 110-709; *Code Ann.* § 81A-160 (f) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 239, 240).

*Judgment reversed. Eberhardt and Whitman, JJ., concur.*