25166.   THOMASON v. HARPER MOTOR LINES, INC. et al.

Argued May 13, 1969—Decided May 22, 1969.

*Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Courtney Wilder Stanton, Deputy Assistant Attorney General,* for appellant.

*Woodruff, Savell, Lane & Williams, E. Ed Lane,* for appellees.

ALMAND, Presiding Justice.   This appeal is from an order denying an interlocutory injunction on the plaintiff's petition and granting the defendant "extraordinary" relief on its prayer.

Elizabeth P. Thomason, in her capacity as toxicologist for the State Crime Laboratory, Department of Public Safety, State of Georgia, filed her petition in DeKalb Superior Court against Harper Motor Lines, Inc. and others.   She alleged that these named defendants are also defendants in a civil suit for damages in said court brought by Mrs. Frank Hatcher, widow of Frank Hatcher, deceased.   She further alleged that in her official capacity she has been served with a subpoena issued by said court ordering her to appear in said court on a stated day as a witness for the defendants in said civil suit.   She alleged that the order required her to bring with her the original report of a Blood Alcohol Test on Frank Hatcher, deceased, under case number 78014 to be used as evidence by the defendants in the pending civil suit.   She contended that she was prohibited by the rules and regulations of the Department of Public Safety from producing these in a civil matter, since the records were the result of a criminal investigation.   No rules of the department were set out in the petition, or proven at the hearing, according to the record here.   Also she asserted a claim to governmental privilege under *Code* § 38-1102 which provides: ".  .  . nor shall official persons be called on to disclose any State matters

of which the policy of the State and the interest of the community require concealment."

She alleged that if she complied with the subpoena, she would violate the laws of Georgia and the rules and regulations of the Department of Public Safety, and that if she refused to produce the documents, she would be subject to contempt of court.

Her prayers were for a judgment declaring and adjudicating that she is prohibited by the rules and regulations of the Department of Public Safety from producing the documents called for in the subpoena and that she has the right to claim governmental privilege under *Code* § 38-1102. She further prayed that the defendants be temporarily and permanently enjoined from taking any further steps to compel her to produce the records of the Department of Public Safety.

In their answer, the defendants prayed that the plaintiff be denied a temporary injunction and that she be ordered to comply with the subpoena duces tecum.

After a hearing, the court, by order, denied the plaintiff's prayer for injunctive relief. No finding was made on the prayer for a declaratory judgment. The court granted the defendants' prayer by ordering the plaintiff to comply with the subpoena duces tecum issued on October 15, 1968.

The appeal is from this order on which the following errors are enumerated: (1) refusing to grant an interlocutory injunction, and (2) requiring the plaintiff to produce in the pending civil case of Hatcher v. Harper Inc. et al. the document called for in the notice to produce.

■ "Equity will not enjoin the proceedings and processes of a court of law, unless there shall be some intervening equity or other proper defense of which the party, without fault on his part, cannot avail himself at law." *Code* § 55-103. See also *Code* § 37-102. Injunction does not lie where the complaining party has a plain and adequate remedy at law which is as practical and efficient to the ends of justice and its prompt administration as the remedy in equity. *Atlantic C. L. R. Co. v. Gunn,* 185 Ga. 108 (3) (194 SE 365).

*Code Ann.* § 38-801 (b) providing for the issuance of subpoenas or notices to produce documents and other evidence,

provides that where a person has been served with a notice to produce described documentary evidence in a pending case, "the court, upon written motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive." Ga. L. 1966, p. 502.

This statute provided an adequate remedy whereby the plaintiff could have raised the objections which she raised in this suit. Where all relief sought can be obtained in the manner provided for by law, it would be error for equity to intervene. *Waller v. Conner*, 218 Ga. 633 (129 SE2d 845); *Colston v. Hutchinson*, 208 Ga. 559 (67 SE2d 763).

■ The court erred in granting the defendants' prayer to order the plaintiff to appear, testify and produce the "original report" of the blood alcohol test made on Frank Hatcher, deceased. Under the provisions of *Code Ann.* § 38-801, the defendant has an adequate and available remedy by subpoena and notice to obtain the result sought in its prayer. *Williamon v. Williamon*, 209 Ga. 494 (2) (74 SE2d 71). See also *City of Atlanta v. Ga. R. & Power Co.*, 149 Ga. 411 (100 SE 442) as to notice to produce original documents.

The trial court is directed to strike paragraph (b) of its order of February 19, 1969.

*Judgment affirmed in part; reversed in part with direction. All the Justices concur.*