26017, 26018.  ARNOLD v. MATHEWS, Mayor, et al.; and vice versa.

Felton, Justice.  1.  In this action to enjoin criminal prosecution under certain ordinances of the City of Monroe, the

case as made by the pleadings falls within the general rule, that courts exercising equitable jurisdiction will not enjoin prosecutions under municipal ordinances, even where the ordinances are allegedly invalid and there are threats of arrest and multiplicity of prosections, unless it is shown that the threatened prosecutions are for the sole purpose of unlawfully taking or destroying property or the business of the plaintiff, or that they will in fact result in irreparable injury thereto, *and* unless the complaining party has no plain and adequate remedy at law which is as practical and efficient to the ends of justice and its prompt administration as the remedy in equity. See *Code* §§ 55-102, 55-103, 37-102; *City of Douglas v. South Ga. Grocery Co.*, 178 Ga. 657 (174 SE 127) ; *Mayor &c. of Athens v. Co-Op Cab Co.*, 207 Ga. 505 (62 SE2d 906) ; *Thomason v. Harper Motor Lines, Inc.*, 225 Ga. 312, 313 (168 SE2d 147).

2. If the ordinances are void as here alleged, both the conviction and any injuries which might result therefrom may be avoided as well or better by a defense to the prosecution as by an action for injunction. *Snow's Laundry v. City of Dublin*, 182 Ga. 316 (2) (185 SE 343). The pleadings and the evidence in this case show that the plaintiffs' business operations have continued uninterrupted in spite of the pending prosecution and authorize the finding that no irreparable injury will result pending the outcome of the prosecution. There is no evidence of a multiplicity of prosecutions. There was but one prosecution for a continuing offense. The appellees' warning, that each additional day's violation of the ordinances would be considered a separate offense, did not amount to a threatened prosecution for each separate offense. Moreover, under the above cited law, multiplicity of prosecutions alone would not be a ground for equitable relief.

Therefore, the trial court did not err in its judgment finding that there has been no such volume of prosecutions or of threats of prosecution as to impair the value of the property of the plaintiffs and that, therefore, the court as a court of equity has no jurisdiction at this time of the remaining issues sought to be raised by the plaintiffs, and denying an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1970—DECIDED OCTOBER 8, 1970—
REHEARING DENIED OCTOBER 22, 1970.

*Preston & Benton, William L. Preston, Terrell Benton,* for appellants.

*Pollock, Sorrells & Hearn, George J. Hearn, III, D. M. Pollock, Marvin W. Sorrells, I. Matt Thompson, II,* for appellees.