26004. ROYAL PEACOCK SOCIAL CLUB, INC. et al.
v. CITY OF ATLANTA et al.

SUBMITTED SEPTEMBER 17, 1970—DECIDED OCTOBER 22, 1970.

818

*Henning, Chambers, Mabry & Crichton, Edward J. Henning,* for appellants.

*Henry L. Bowden, Martin McFarland,* for appellees.

FELTON, Justice. ■ "[C]ourts exercising equitable jurisdiction will not enjoin prosecutions under municipal ordinances, even where the ordinances are allegedly invalid and there are threats of arrest and multiplicity of prosecutions, unless it is shown that the threatened prosecutions are for the sole purpose of unlawfully taking or destroying property or the business of the plaintiff, or that they will in fact result in irreparable injury thereto, *and* unless the complaining party has no plain and adequate remedy at law which is as practical and efficient to the ends of justice and its prompt administration as the remedy in equity." *Arnold v. Mathews,* 226 Ga. 809 (1), and cit.

The complaint in this case alleges no "threats of arrest and multiplicity of prosecutions." It alleges merely that if the plaintiff sole stockholder, president and manager, Henry N. Wynn, "continues to operate and manage said business [without the bottling house license which the defendant city requires], he will be subject to criminal prosecution and possible fine and imprisonment by virtue of same." It is not alleged that the operation of the plaintiff business per se has been prohibited, either by Wynn or by anyone else, *except* his manager, Bolden, who is alleged to have been convicted in the Municipal Court

of the City of Atlanta (over a plea of not guilty) for "operating a bottle house without a license," fined, and ordered to no longer violate said ordinance. It is alleged that Bolden presently has an appeal pending from said judgment. As far as it appears from the record, the present plaintiffs were not parties to the prosecution in the Municipal Court of the City of Atlanta and were not, therefore, bound by it.

Nor does the allegation to the effect that the defendant city's action in enforcing this ordinance is solely for the ulterior purpose of restricting the plaintiffs' Sunday business operations, bring the case within an exception in the above stated rule, since, as is held hereinabove, it does not affirmatively appear that a prosecution is threatened against the present plaintiffs and such prosecution is, at this point, merely a speculation or apprehension.

Furthermore, even conceding the possibility, or even the probability, of a future prosecution if the plaintiff continues to operate the business, either personally or by another assistant manager, it is not shown that such prosecution will in fact result in irreparable injury to the business of the plaintiff. If and when such prosecution is initiated by the defendants, the plaintiff will have a "plain and adequate remedy at law which is as practical and efficient to the ends of justice and its prompt administration as the remedy in equity," i.e., the filing of a defense to the prosecution, raising these issues of the applicability and constitutionality of the ordinance. "If the ordinances are void as here alleged, both the conviction and any injuries which might result therefrom may be avoided as well or better by a defense to the prosecution as by an action for injunction." *Arnold v. Mathews*, supra, Hn. 2. The defendants could not lawfully force the plaintiff to cease the operation of his business, which is presumed to be legal until proven otherwise, while his case is pending with a defense filed thereto in the lower court and in the appellate courts, should he need and choose to appeal it.

Since the plaintiffs have available an adequate remedy at law, i.e., the filing of a defense to any prosecution by the defendants, their complaint fails to state any basis for equitable relief.

Therefore, the Superior Court of Fulton County did not err in that portion of the judgment which denied the equitable relief prayed for, i.e., the permanent injunction.

■ Since, as we have held in Division 1 hereinabove, the complaint did not state a claim for the equitable injunctive relief sought, appellants' appropriate remedy being the filing of a defense to any prosecution by the defendants, the trial court erred in ruling on the issue of the constitutionality of the ordinance in question, which issue was prematurely raised in this case.

"[T]he Court of Appeals, and not this court, has jurisdiction in cases involving the constitutionality of municipal ordinances. [citations]." *Rogers v. Mayor &c. of Atlanta*, 219 Ga. 799, 800 (136 SE2d 342). Since the trial court did rule on the issue of constitutionality, however, which ruling is enumerated as error, and since the court has jurisdiction of the case by virtue of the injunctive relief sought, this court has jurisdiction to review said ruling, *provided* the ruling "may affect the proceedings below." *Code Ann.* § 6-701 (b) (Ga. L. 1965, p. 18; as amended, Ga. L. 1968, pp. 1072, 1073). Construing "the proceedings below" as the proceedings in the trial court from which the appeal is brought, we cannot perceive how our review of this ruling could have any effect whatsoever in this case. Our holdings—that injunctive relief should not have been granted regardless of the applicability or constitutionality of the ordinance in question and that the latter issues were prematurely raised and passed upon in the trial court—have the effect of terminating all of the "proceedings below," so that there remain no proceedings which our review of the ruling on the issues of constitutionality and applicability of the ordinance could affect. Therefore, the trial court erred in its judgment ruling on the constitutionality and applicability of the ordinance.

*Judgment affirmed in part; reversed in part. All the Justices concur.*