46973. BURSON v. WEBB.

CLARK, Judge. The appeal in this matter involves the "Implied Consent to Chemical Tests" law (*Code Ann.* § 68-1625.1; Ga. L. 1968, pp. 448, 452). Under this law any person who drives a motor vehicle on the roads and highways is deemed to have given his consent to a chemical test to determine alcoholic content of his blood if lawfully arrested for any alleged offense while

driving or driving under the influence. A refusal to submit to a test subjects such party to a six months suspension of driver's license by the Department of Public Safety in accordance with a suspension procedure prescribed by the statute. This procedure provides that before a suspension may take effect, notice of the proposed suspension must be given with right to request a hearing. If no hearing is requested a suspension takes effect 10 days after notice but where a hearing is timely requested a hearing must be held covering the issues of whether there was an arrest, whether there was reasonable cause to believe the operator was driving under the influence, whether there was a refusal to submit to testing after request, and whether the driver was informed that refusal would result in suspension.

In this case after certain events Webb was notified of a proposed suspension of his license. A hearing was requested and was held. It resulted in a decision by the Department that the license would be suspended for six months and he was so notified. He appealed to the State Court of DeKalb County contending the Department's decision was erroneous, that it should be reversed and his license reinstated. The Department filed a motion to dismiss the appeal for want of jurisdiction of the subject matter. The motion was overruled and, after hearing evidence without a jury, an order was entered reversing the decision of the Department.

The question presented by this appeal can be stated as follows: What court or courts would have subject matter jurisdiction to review decisions of the Department of Public Safety involving a driver's license suspension under the implied consent law?

Webb contends that the State Court of DeKalb County would have jurisdiction based upon provisions of the Act of 1937 (Ga. L. 1937, p. 322 et seq.) which created the Department of Public Safety and, among other things, provided for the rules and regulations under which operator's licenses should be issued, refused, suspended, etc.,

and also provided for review in cases of license denial, suspension, revocation, etc. In particular the Act (see *Code Ann.* §§ 92A-422, 92A-423, as amended) provides that in cases of refusal, suspension, etc., a hearing may be had before the Department of Public Safety, which need not be a matter of record, with a right of appeal to the court of the county of his residence, other than a justice's court, having jurisdiction of misdemeanor cases.

In the case of *Burson v. Bishop,* 117 Ga. App. 602 (161 SE2d 518), there was a license suspension pursuant to the provisions of the Motor Vehicle Safety Responsibility Act (*Code Ann.* § 92A-609 (c); Ga. L. 1951, pp. 565, 573, as amended). There, Bishop appealed to the Civil and Criminal Court of Clayton County traveling upon the same provisions as Webb in the present case, i.e., *Code Ann.* §§ 92A-422, 92A-423. The Motor Vehicle Safety Responsibility Act itself having provided for hearings and right of review in the superior court of rulings arising thereunder, this court held at page 603: "The jurisdictional provisions of *Code Ann.* § 92A-423 . . . apply solely to appeals from refusals, suspensions, revocations and cancellation of licenses for the various causes specified in *Code Ann. Ch.* 92A-4, which chapter has different objectives from those of *Ch.* 92A-6 under which the present proceeding was brought."

Notwithstanding *Code Ann.* §§ 92A-422, 92A-423, the Implied Consent to Chemical Tests law, in similar fashion to the Motor Vehicle Responsibility Act (with which the *Bishop* case, supra, dealt), provides for a hearing "in- the same manner and under the same conditions as provided in the Georgia Administrative Procedure Act . . ." See *Code Ann.* § 68-1625.1 (c) (Ga. L. 1968, pp. 448, 452). The Administrative Procedure Act contains precise requirements relating to notice, the manner in which hearings are to be conducted, and formulation of a record. It specifically provides for review and the scope thereof. A petition for review "may be filed in the *superior court* of Fulton county or in the *superior court* of the county of

residence of the petitioner." (Emphasis supplied.) *Code Ann.* § 3A-120 (b) (Ga. L. 1964, pp. 338, 354).

Thus the answer to the question presented to this court is that both the superior court of residence and the Fulton County Superior Court would have jurisdiction of appeals arising out of applications of the implied consent law. Cf. *Burson v. Faith,* 227 Ga. 526, 530 (181 SE2d 830). The State Court of DeKalb County, not having subject matter jurisdiction, was required to dismiss the appeal and erred in not doing so.

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*
SUBMITTED MARCH 8, 1972—DECIDED MARCH 14, 1972—
REHEARING DENIED MARCH 29, 1972.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, W. Hensell Harris, Jr., Assistant Attorneys General,* for appellant.

*Wesley Williams,* for appellee.