21266.   ANDERSON v. McMURRY *et al.*

SUBMITTED JUNE 13, 1961—DECIDED JULY 6, 1961—
REHEARING DENIED JULY 24, 1961.

*E. T. Hendon, Jr.,* for plaintiff in error.

*George P. Dillard, Herbert O. Edwards,* contra.

ALMAND, Justice. To entitle one to the writ of mandamus, it must appear that he has a clear legal right to have performed the particular act which he seeks to have enforced. *City of Atlanta v. Blackman Health Resort,* 153 Ga. 499 (5(1)) (113 SE 545). In the instant case, while the gist of the plaintiff's petition is that he was not furnished written specifications of charges against him before the hearing before the DeKalb County Merit System Council, he does not seek to require the DeKalb County Merit System Council to furnish him with written specifications of charges nor does he seek to mandamus the Merit System Council to afford him a hearing.

The only substantial relief sought by the plaintiff against the defendants is in prayers (b) and (c) of his petition in which prayers he seeks by mandamus to be reinstated as a patrolman effective January 27, 1960, and to require the Board of Commissioners to pay him his monthly salary retroactive to that date.

*Code* § 64-101 provides: "All official duties should be faithfully performed; and whenever, from any cause, a defect of legal justice would ensue from a failure or improper performance, the writ of mandamus may issue to compel a due performance, if there shall be no other specific legal remedy for the

legal rights." Whether mandamus will lie in the present case will depend upon the nature of the council's acts. Should it be determined that the council acted purely ministerially or purely legislatively in making its decision then mandamus would be the proper procedure to determine the petitioner's rights if he had no other specific remedy. However, should it appear that the acts complained of were of a judicial nature, then the writ of certiorari would lie for the correction of any errors. *City of Cedartown v. Pickett,* 193 Ga. 840 (1) (20 SE2d 263); *Gibbs v. City of Atlanta,* 125 Ga. 18 (53 SE 811).

This court in *South View Cemetery Assn. v. Hailey,* 199 Ga. 478, 480 (34 SE2d 863), defined the distinction between a legislative and a judicial function as follows: "The chief distinction between a legislative and judicial function is that the former sets up rights or inhibitions, usually general in character; while the latter interprets, applies and enforces existing law as related to subsequent acts of persons amenable thereto . . . The basic distinction between an administrative and a judicial act by officers other than judges is that a quasi-judicial action, contrary to an administrative function, *is one in which all parties are as a matter of right entitled to notice and to a hearing, with the opportunity afforded to present evidence under judicial forms of procedure.* . ." (Italics ours.)

Let us then examine the act creating the DeKalb County Merit System to see whether the Merit System applies and enforces existing law as related to subsequent acts amenable thereto, and whether all parties are as a matter of right entitled to notice and to a hearing and afforded the opportunity to present evidence.

The DeKalb County Merit System Council was created pursuant to an act approved March 6, 1956 (Ga. L. 1956, p. 3111 et seq.). The duties and functions of the Merit System Council as set forth in Section 4 (b) of said act are: "To conduct hearings and render decisions on charges preferred against persons employed in the several departments and offices included in said merit system and to hear appeals from any employee who claims to have been improperly dismissed." Section 5 of said act provides that no employee may be dismissed except for good cause and in accordance with the rules and regulations of the Merit

System Council as approved by the governing authority, and any employee who is dismissed shall have the right of appeal pursuant to the terms of the rules and regulations prescribed for appeal, such appeal to be heard at the next regular or special meeting and the appeal must be heard and determined by the Council within forty-five days of the date it was filed. .

The dismissed employee must file his appeal in writing within ten days of the date of his dismissal. The decision of the Council shall be binding upon the governing authority.

Section 4(a) of said act provides that rules and regulations when proposed by the Merit System Council and approved and adopted by the Board of Commissioners shall be binding upon all departments and offices of the county enumerated in the resolution creating the Merit System Council.

The petitioner alleges in paragraph 8 of his petition a portion of the rules and regulations governing the Merit System relative to the appeal of the dismissed employee, which provides that such appeal shall be in writing and transmitted to the Director, "who shall arrange a formal hearing before the Council." This regulation also provides, *"Both the employee and the Department Head shall be notified five days in advance of the hearing and shall have the right to present witnesses and give evidence before the Council."*

That a hearing was afforded petitioner is not disputed nor does the petitioner contend that he was not permitted to offer evidence and testimony. On the contrary, the petitioner alleges in paragraph 14 of his petition a communication from the Director of the DeKalb County Merit System Council, which shows that evidence and testimony was developed at the hearing in question.

From the above it is clear that it is the duty of the Merit System Council to interpret, apply, and enforce existing law and rules and regulations adopted by the governing authority of the county which have the force of law as related to the acts of persons amenable to such law subsequent to their enactment. It is just as clear that the dismissed employee has a right to appeal to the Council, has a right to be heard, has a right to notice in advance of the hearing, and has a right to present witnesses and give evidence before the Council, and the decision of the Council is binding upon the governing authority of the county.

It is apparent that it was in legislative contemplation that the DeKalb County Merit System Council should act in a judicial capacity when exercising the power conferred upon them by the act of March 6, 1956, by section 4(b) of said act. A hearing conducted in accordance with the terms of a statute of this character and the rules made pursuant thereto is a quasi-judicial proceeding, and the writ of certiorari lies to review the rulings and findings of such judicatory body. *Gill v. Mayor &c. of Brunswick,* 118 Ga. 85 (44 SE 830). The refusal of the court below to sanction the petition was correct, for the writ of mandamus in the present case could not properly have been issued since where a body sits in a quasi-judicial capacity, its decisions are subject to review only by the writ of certiorari. *Maxwell v. Tumlin,* 79 Ga. 570 (1) (4 SE 858).

For the reasons outlined above, the lower court did not err in sustaining the defendants' general demurrer to the petition seeking mandamus.

*Judgment affirmed. All the Justices concur.*