## 47552. FREEMAN v. DEPARTMENT OF PUBLIC SAFETY.

BELL, Chief Judge. The appellant's driver's license, motor vehicle registration certificate and plates were suspended on May 8, 1972, under the Georgia Motor Vehicle Safety Responsibility Act. Ga. L. 1951, p. 565 et seq. (*Code Ann.* § 92A-601 et seq.). On May 25, 1972, the appellant filed a petition in the superior court seeking a review of the

suspension order under § 20 of the Administrative Procedure Act. Ga. L. 1964, pp. 338, 354 (*Code Ann.* § 3A-120). The trial court granted the appellee's motion to dismiss on the ground of no jurisdiction. *Held:*

Section 2 of the Safety Responsibility Act provides that persons aggrieved by orders under the Act have the right to enter an appeal to the superior court in the same manner as appeals from the court of ordinary. Ga. L. 1951, pp. 565, 567 (*Code Ann.* § 92A-602). An appeal from a judgment of the court of ordinary must be entered within four days from the date of the judgment. *Code* § 6-202. Section 20 of the Administrative Procedure Act provides for judicial review of a final agency decision in a contested case by filing a petition for review within thirty days after service of the final decision or within thirty days after a decision on a requested rehearing. Ga. L. 1964, pp. 338, 354 (*Code Ann.* § 3A-120). The Administrative Procedure Act which was enacted subsequent to the Safety Responsibility Act while not exempting the Department of Public Safety from its provisions, provides in part: "Nothing in this law shall be held to . . . limit or repeal additional requirements imposed by statute or otherwise recognized by law." Ga. L. 1964, pp. 338, 356 (*Code Ann.* § 3A-122). This shows a clear legislative intent to provide that appeals from orders or decisions rendered under the Safety Responsibility Act are controlled exclusively by the appellate procedures outlined in that Act. See *Burson v. Bishop,* 117 Ga. App. 602 (1) (161 SE2d 518). As the appellant failed to follow those provisions for review by entering her appeal within four days of the order, the judgment of the superior court in dismissing her petition for review for lack of jurisdiction was correct.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

Argued October 2, 1972—Decided November 28, 1972— Rehearing denied December 19, 1972—

*Malcolm H. Ringel,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Thomas W. Greene, Deputy Assistant Attorney General,* for appellee.