27995, 28019. POPE et al. v. COKINOS; and vice versa.

JORDAN, Justice. This appeal arises from an attempt to suspend the driver's license and vehicle registration of George Cokinos under the Motor Vehicle Safety Responsibility Act (hereafter called the

"Act") (Code Ann. § 92A-601 et seq.)

On February 25, 1972, Cokinos was involved in an automobile accident with one Thelma Hendrix. Both parties deny responsibility for the accident, both parties suffered damages, and no court proceeding has been filed by either party.

On July 13, 1972, the Department of Public Safety ordered Cokinos to demonstrate financial responsibility or have his driving privileges suspended. Cokinos responded by requesting a hearing pursuant to the provisions of the Administrative Procedure Act (Code Ann. § 3A-114) hereafter called the APA. The department scheduled an informal hearing pursuant to the provisions of the Act. Prior to the hearing, Cokinos initiated this case in the Superior Court of Fulton County where the court granted a temporary restraining order extended until the court could rule on the motion for an interlocutory injunction. Intervenors were added after the restraining order was issued. The interlocutory injunction was granted Cokinos on April 12, 1973.

The trial court enjoined the department from making any determinations in any hearing conducted pursuant to the provisions of the Act as to "Whether there is a reasonable possibility of a judgment being rendered against the petitioner as a result of the accident?" as provided in Sec. 570-6-.15(d) of the Rules and Regulations of the State of Georgia, and found said section invalid, void, and of no force and effect. From this the department appeals.

The court also concluded that hearings before the defendant agency pursuant to the provisions of the Act are not subject to the procedural provisions of the Ga. APA. From this Cokinos cross appeals. *Held:*

1. The Motor Vehicle Safety Responsibility Law (Ga. L. 1951, p. 565, as amended) does not authorize the Department of Public Safety or its designated agent to determine "Is there a reasonable possibility of judgment being rendered against the petitioner as a result of the accident?" in a proceeding pursuant to the provisions of said law and the Department of Public Safety exceeded its authority in promulgating Sec. 570-6-.15(d) of the Rules and Regulations of the State of Georgia published in Volume 6 of the Official Compilation of the Rules and Regulations of the State of Georgia as published by the Secretary of State, and the trial court did not err in so holding. This regulation was promulgated by the department in an attempt to comply with a suggestion of the United States Supreme Court

in *Bell v. Burson,* 402 U. S. 535 (91 SC 1586, 29 LE2d 90). Such cannot be done without clear legislative authority, if at all.

This court has consistently prohibited administrative bodies from acquiring judicial characteristics not specifically set out in enabling legislation. *Conley v. Brophy,* 207 Ga. 30 (60 SE2d 122); *Anderson v. McMurry,* 217 Ga. 145 (121 SE2d 22); *Gay v. City of Lyons,* 209 Ga. 599 (74 SE2d 839); and *Lamon v. Ga. S. & F. R. Co.,* 212 Ga. 63 (90 SE2d 658).

A search of the legislative history of the Act reveals that, although Georgia has had a Safety Responsibility Act since 1945, it was not until 1956 that an amendment authorized the Director to "dispense with the [financial responsibility] requirements on the part of any operator or owner, who is undisputedly free from any liability." Ga. L. 1956, pp. 543, 549, § 9. In 1963, the legislature eliminated the director's authority to determine potential liability and substituted a minimum financial Responsibility Security Standard. Ga. L. 1963, pp. 593, 601.

With this pattern of legislative history before us, it is clear that the legislature has shown an intent to withhold from the director authority to determine potential liability.

2. The appellee and the intervenors herein could seek declaratory and injunctive relief rather than pursuing the administrative and judicial remedies specifically provided by the safety responsibility statute.

As a general principle, injunctive relief does not lie where relief can be obtained pursuant to a statutory remedy. *Waller v. Conner,* 218 Ga. 633 (129 SE2d 845); *Spruill v. Dominy,* 212 Ga. 145 (91 SE2d 43).

However, with the advent of the Georgia Administrative Procedure Act (Ga. L. 1964, pp. 338, 339; 1965, pp. 283, 284) a specific provision entitled "Declaratory judgment on validity of rules" was enacted providing "The validity of any rule may be determined in an action for declaratory judgment when it is alleged that the rule or its threatened application interferes with or impairs the legal rights of the petitioner." That statute further provides: "A declaratory judgment may be rendered whether or not the petitioner has first requested the agency to pass upon the validity of the regulation in question," thereby dispensing with any requirement to exhaust that remedy. Code Ann. § 3A-111. The department is an "agency" within the definition contained in the Administrative Procedure Act. Code Ann. § 3A-102 (a).

3. Plaintiff and intervenors below are harmed by Ga. Rules and

Regulations 570-6-.15(d) and have standing to attack that rule.

In Bell v. Burson, 402 U. S. 535, supra, the Supreme Court of the United States held Georgia's Motor Vehicle Safety Responsibility Act, which provides that the motor vehicle registration and driver's license of an uninsured motorist involved in an accident shall be suspended unless he posts security for the amount of damages claimed by an aggrieved party and which excludes any consideration of fault or responsibility for the accident at a presuspension hearing violative of procedural due process.

It is an attempt to administratively comply with the suggestions in the Bell case that has concerned us above. Noting that no valid change to the statute or procedure has been made since that case, the dilemma of appellees in this case is the same as those of Bell with the added requirement to undergo the unlawful procedure. It is unnecessary to do more to establish that appellees were harmed than to quote from the Bell case ". . . Once licenses are issued, as in petitioner's case, their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment. Sniadach v. Family Finance Corp., 395 U. S. 337 (1969); Goldberg v. Kelly, 397 U. S. 254 (1970)." Bell v. Burson, 402 U. S. 535, supra, p. 539.

Any question of venue because of residence of plaintiffs is obviated by Ga. Const. Art. VI, Sec. XIV, Par. III (Code Ann. § 2-4903) providing that "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed" and Par. VI (Code Ann. § 2-4906), providing that "All other civil cases shall be tried in the county where the defendant resides," and more specifically by Code Ann. § 3A-111 providing in part that in an action for declaratory judgment on validity of rules "The action shall be brought . . . in the superior court of the county of residence of the petitioner."

Appellants do not contest the constitutionality of Code Ann. § 3A-111 and only on appeal do they complain that plaintiff did not in the trial court allege that defendant is a resident of Fulton County. They cannot be heard to raise this issue for the first time on appeal in light of the clear terms of the Constitution and the statute. Code Ann. § 81A-112 (h) (1).

4. Our holdings in Divisions 1, 2, and 3, of this opinion compel us

to hold that the court below did not err in interlocutorily enjoining appellants from "making any determinations in any hearing conducted pursuant to the provisions of the Motor Vehicle Safety Responsibility Law as to 'whether there is a reasonable possibility of judgment being rendered against the petitioner as a result of the accident?' as provided in Sec. 570-6-.15(d) of the Rules and Regulations of the State of Georgia.

5. Hearings before the Department of Public Safety, pursuant to the provisions of the Motor Vehicle Safety Responsibility Law (Ga. L. 1951, p. 565; Code Ann. Ch. 92A-6), are not subject to the procedure provisions of the Georgia Administrative Procedure Act (Code Ann. § 3A-101 et seq.).

Section 1 of the Administrative Procedure Act provides, "It is intended that this Act not create or diminish . . . delegated authority." Ga. L. 1965, pp. 283, 284 (Code Ann. § 3A-101); and section 22 provides, "Nothing in this Act shall be held to . . . diminish any delegation of authority to any agency . . ." Ga. L. 1964, pp. 338, 356 (Code Ann. § 3A-122).

The delegation to the Department of Public Safety to hold informal hearings is therefor not diminished. Ga. L. 1956, pp. 543, 547 (Code Ann. § 92A-602).

Cross appellee does not contest that the Department of Public Safety is an agency subject to the Administrative Procedure Act but Section 22 of the Administrative Procedure Act also provides, "Nothing in this Act shall be held to . . . limit or repeal additional requirements imposed by statute or otherwise recognized by law." Ga. L. 1964, pp. 338, 356 (Code Ann. § 3A-122).

Not only are the informal hearing provisions of the Motor Vehicle Responsibility Law not repealed, they are specifically preserved by Section 22. The hearing and appeal procedure of the Motor Vehicle Responsibility Law therefor apply. In *Freeman v. Dept. of Public Safety,* 127 Ga. App. 773, 774 (195 SE2d 203), a case in which this court denied certiorari, the Georgia Court of Appeals held, "This shows a clear legislative intent to provide that appeals from orders or decisions rendered under the Safety Responsibility Act are controlled exclusively by the appellate procedures outlined in that Act."

The trial court did not err in holding that these hearings are not subject to the procedure provisions of the Georgia Administrative Procedure Act.

*Judgment affirmed on main appeal and cross appeal. All the Justices concur.*

ARGUED JUNE 12, 1973 — DECIDED SEPTEMBER 5, 1973 —
REHEARING DENIED SEPTEMBER 19, 1973.

*Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Daniel I. MacIntyre, Assistant Attorneys General,* for appellants.

*Alden C. Harrington, Kendrick C. Smith, Michael Terry,* for appellee.