48529. IRBY v. CHRISTIAN et al.

ARGUED SEPTEMBER 14, 1973 — DECIDED NOVEMBER 16, 1973 — REHEARING DENIED DECEMBER 4, 1973 —

*Robert T. Efurd, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Assistant Attorneys General,* for appellees.

CLARK, Judge. This case involves the validity of a ruling by the Department of Public Safety which ordered the surrender by a Georgia citizen of his Georgia driver's license and all registration certificates or plates in his possession until such suspension was "withdrawn by the Florida authorities or as otherwise may be provided by law."

Appellant Irby was involved in an accident in Florida. Notice was mailed to him by the Georgia Department of Public Safety that he was required to satisfy the Florida Safety Responsibility Law by depositing $2500 with appellee Christian, Director of the Florida Responsibility Division, and that upon failure to do so his driver operating privileges in Georgia would be suspended. Georgia's action was the result of a certificate from the Florida agency advising that Irby had failed to comply with Florida's requirements, that his driving privileges were suspended by the Florida agency and that he had been advised of his right to a hearing in Florida.

Upon receiving the Georgia notification Irby through his attorney exercised his right to a hearing before the Director of our Public Safety Department. At this hearing Irby claimed that the suspension "is made without a meaningful prior hearing on probable cause as to liability." The Department of Public Safety

ruled against Irby's contention on the basis that in acting on reciprocal suspensions based on foreign certificates this was not relevant.

Irby then took an appeal to the Superior Court of Clayton County, that being his residence. In this appeal he contended that the action by the Department of Public Safety "is contrary to and in conflict with the requirement of the Bell appeal decided by the United States Supreme Court unanimously and does not meet the further standards of a meaningful hearing as defined on July 12, 1972 by said Court in its latest decision."

Neither at the agency level nor in the Superior Court did Irby dispute the fact of the occurrence in Florida nor did he challenge the validity of the Florida certificate or deny that he had been advised of his right to a hearing in Florida. The trial judge's findings of fact show that the only factual issue presented by evidence was the matter of dates concerning receipt by Irby of the Department's decision and whether his appeal to the superior court was in time. This testimony was the result of an oral motion by the Department of Public Safety to dismiss the appeal on two grounds. One was for lack of jurisdiction because it was not entered within the four-day period which was the time limit then in force but which has since been replaced effective July 1, 1972, by a thirty-day limit. Code Ann. § 6-102 (Ga. L. 1972, p. 738). The other ground for dismissal was based upon there being no pleading filed by Irby in the superior court.

The trial court denied the motion to dismiss by finding as a matter of fact the notice of appeal was received by the Department of Public Safety within the required four-day period from date of receipt by Irby. The trial court also ruled that the second ground was not meritorious because "the law only requires that notice be given to the Commissioner and that constitutes the 'entry' of the appeal." (R. 19). The trial court's order then ruled adversely to Irby's contention that he was entitled to a hearing in Georgia as to whether there was a "reasonable possibility of judgment being entered against him" as a result of the Florida accident. This ruling was recited to be on the basis that Irby had been advised of his right to a hearing in Florida by the notice from the Florida Department, the court stating "This rule meets the requirements of Bell v. Burson, 402 U. S. 535 (1971), which held that before a driver's license and registration can be suspended, procedural due process required that an opportunity be given to be heard on the question of whether there is a reasonable possibility of judgment being

rendered against the licensee in the amount claimed." (R. 20).

Irby then filed his notice of appeal. The Florida Director countered in the trial court by filing a motion to dismiss Irby's appeal because of a failure to meet the requirements of Code Ann. § 6-806 in that the transcript of evidence was not filed within thirty days from the filing of the notice of appeal nor had the time been extended as provided by Code Ann. § 6-804. The record discloses that the trial judge assigned a hearing on his motion to dismiss. Nothing further appearing we assume no action was taken by the trial court on this dismissal motion.

In our court the appellee has filed another motion to dismiss the appeal. This is on two grounds. The first is that Irby failed to file a petition for review of the order of the Georgia Department of Public Safety within the four-day period provided by the law then in effect. This was the same ground for dismissal urged below by oral motion and which the court had denied with a recital in the order of the facts on which he had based his ruling. The transcript of evidence which was not filed within the statutory thirty-day period but is in the record on appeal discloses that testimony concerning this question was the only evidence presented. The second ground for dismissal was the failure to file the transcript of evidence within the thirty-day period or obtain an extension within that statutory period.

■ We overrule both grounds of the motion by appellee to dismiss this appeal. As to that ground based upon the ruling made below by the trial judge on the motion to dismiss the appeal from the ruling of the Department of Public Safety within four days we note that appellee did not file either a cross appeal or an independent appeal as to this adverse ruling. Code Ann. § 6-803 provides for a cross appeal or an independent appeal in order for an appellee to present for adjudication errors on rulings by the trial court adversely affecting appellee.

Counsel for the Florida Director argues that in again making this motion as a part of the motion to dismiss the appeal that it does so on the basis that the trial court did not have jurisdiction and this Court of Appeals would have "no greater or independent jurisdiction of the case, and the trial court having refused to dismiss the case it is this Court's unavoidable duty to do so." (Brief in Support of Motion, Page 4). Counsel's argument cites *Lane v. Morrison,* 226 Ga. 526 (175 SE2d 830) as the authority for this contention. That case and similar cases exemplified by *Drury v. City of Woodbine,* 96 Ga. App. 158 (1) (99 SE2d 550) deal with the

duty incumbent upon the reviewing court to consider the question of the appellate court's jurisdiction to consider the appeal and are therefore not applicable.

Similarly, *Gray v. Gray,* 229 Ga. 460 (192 SE2d 334) and the citations therein do not apply to the case at bar. In those cases the parties sought to confer jurisdiction by consent which cannot be done when the court has no jurisdiction of the subject matter. When such lack of jurisdiction is discovered, the appellate court must ex mero motu reverse the judgment. In the instant case the court had jurisdiction of the subject matter. The point that was raised and considered by the trial court was the timeliness of the filing of the appeal. It is true that the appeal to the superior court here was required to be filed within the period prescribed by statute in order to confer jurisdiction of that specific appeal. But the subject matter of that appeal was within the court's authority. When appellee's dismissal motion was made the judge was called upon to decide if the filing met the statutory four-day requirement. He made his ruling thereon adversely to the Florida Director. But no cross appeal nor independent appeal was filed to that adverse ruling.

In the absence of an enumeration of error on the trial judge's ruling which is now sought to be attacked we do not have the right to consider the question of its correctness. See *Hess Oil &c. Corp. v. Nash,* 226 Ga. 706, 709 (177 SE2d 70).

■ The other ground of the motion for dismissal of the appeal relies upon the failure of the appellant to file a transcript of evidence within thirty days after filing of the notice of appeal and without applying for an extension of time as provided in Code Ann. § 6-804. This same point was raised in the trial court as is permitted even though such motion is filed after the notice of appeal. *Gilmore v. State,* 127 Ga. App. 249 (193 SE2d 219). The record here indicates that the trial judge assigned a date for hearing on this motion but does not disclose that such hearing was held or that the trial court ruled on this motion. The appellate court therefore has the right to pass upon this ground de novo as it was not considered by the trial judge. See *McDonald v. Rogers,* 229 Ga. 369 (191 SE2d 844).

Our decision is adverse to the movant. Our ruling is based primarily upon the position that this Court of Appeals should pass upon all questions of law that are properly raised which do not require consideration of evidence. *Cline v. Lever Bros. Co.,* 124 Ga. App. 22 (1) (183 SE2d 63); *Hill v. General Rediscount Corp.,*116 Ga. App. 459, 462 (2) (157 SE2d 888); *Hiscock v. Hiscock,* 227 Ga. 329

(1a) (180 SE2d 730). Such position conforms to the legislative intent for the courts to interpret liberally the Appellate Practice Act of 1965 so as to bring about a decision on the merits of every case appealed, and to avoid dismissal of any case or refusal to consider any points raised therein. Code Ann. § 6-905. The transcript discloses that the testimony presented below was limited to the question of the timeliness of the appeal from the agency to the superior court and was not relevant to the questions of law presented by the enumerations of error.

Furthermore, Code Ann § 6-809 (d) provides that "An appeal shall not be dismissed nor consideration thereof refused because of failure of the court reporter to file the transcript of evidence and proceedings within the time allowed by law or order of court, unless it affirmatively appears from the record that such failure was caused by the appellant." In the case at bar the court reporter has certified the transcript was timely ordered and that the delay in filing was due to the work load of the court reporter. This amounts to an affirmative showing from the record that the failure was not caused by the appellant.

■ When the trial court entered its ruling in this case, it did not have the benefit of the decision that has since been rendered by the Supreme Court of Georgia. In *Pope v. Cokinos,* 231 Ga. 79 (200 SE2d 275), that court ruled that the Motor Vehicle Safety Responsibility Law (Ga. L. 1951, p. 565, as amended) does not authorize the Department of Public Safety or its designated agent to determine "Is there a reasonable possibility of judgment being rendered against the petitioner as a result of the accident?" The opinion recognized that the regulation there under attack was promulgated by the Department of Public Safety in an attempt to comply with a suggestion of the United States Supreme Court in Bell v. Burson, 402 U. S. 535 (91 SC 1586, 29 LE2d 90). The court's ruling that "the Legislature has shown an intent to withhold from the Director authority to determine potential liability" is applicable here despite this being a reciprocal action in comity with Florida under Code Ann. § 92A-609(c). The *Cokinos* decision precludes the Georgia Department of Public Safety from acting as to Georgia residents. The court's ruling as to lack of jurisdiction to make the decision would apply in the instant case to a Georgia citizen involved in a Florida accident as it would be the act of Georgia, not the sister state, that affects the Georgia driving privileges and Georgia automobile registration and license plates. It should be noted that the Florida ruling is enforceable to deny

a Georgia citizen the right to drive a motor vehicle upon the roads of that state.

*Judgment reversed. Hall, P. J., concurs. Evans, J., concurs specially.*

EVANS, Judge, concurring specially. I concur in the judgment of reversal, but I do not agree with or concur in the language in Headnote 2(b). There it is held that: "An appeal shall not be dismissed where the record discloses that the appellant did not cause the failure of the court reporter to file the transcript of evidence within the time provided by law or order of the court." The appellate court has the right and duty to dismiss a stale appeal, even though the matter was not dealt with in the lower court as suggested by the amendment of 1968 (Ga. L. 1968, p. 1072; Code Ann. § 6-809 (b)). That Act sought to place the duty and responsibility on the trial (the lower) court for deciding whether the appeal should be dismissed or not. The amendment of 1968 was completely ineffective to place the sole responsibility for dismissal of appeal on the lower court, rather than in the appellate courts, and our duty to dismiss remains the same as it was before the enactment of this law. *Cox Enterprises v. Southland,* 226 Ga. 794, at 797 (177 SE2d 653); *Fahrig v. Garrett,* 224 Ga. 817-818 (2) (165 SE2d 126).

An appellant is not allowed to rest upon the mere showing that he did not cause the delay in filing the transcript, or by securing a certificate from the court reporter that his work-load prevented the timely filing of same. The appellant must be diligent — must inquire of the court reporter as to progress in completion of the transcript, and when it appears that it will not be ready for timely filing, he must secure an order from the lower court extending the time for filing; and he must continue to secure such extensions until the transcript is finally filed. Further, each new order of extension must be obtained before the time set by the previous extension has expired. *Fahrig v. Garrett,* 224 Ga. 817, 818, supra; *Fett v. Daniel,* 226 Ga. 729 (177 SE2d 240); *Cox Enterprises v. Southland,* 226 Ga. 794, 797, supra; *Cole v. Cole,* 228 Ga. 9 (183 SE2d 743).

But in the case sub judice, a pure and simple question of law is presented, and the majority correctly determined that the Department of Public Safety lacks legislative authority to determine whether there exists a reasonable possibility of judgment being rendered against a party as a result of an automobile accident; and properly reverses this case, in which

judgment I concur.