## 28663. DEPARTMENT OF PUBLIC SAFETY v. IRBY et al.

JORDAN, Justice.

This case is here on a writ of certiorari to the Court of Appeals. See *Irby v. Christian,* 130 Ga. App. 375 (203 SE2d 284). The relevant facts are as follows: Bennie Irby, appellant in the Court of Appeals and respondent here, was involved in an automobile accident in Florida. Irby did not comply with the Florida Financial Responsibility law and after failing to take advantage of a hearing offered by the Florida authorities on the question whether there was a reasonable possibility of a judgment being rendered against him, Irby's driver's license was suspended in Florida. The director of the Florida Financial Responsibility Division notified the Georgia Department of Public Safety of Irby's suspension and the Georgia officials notified Irby that he was to satisfy the requirements of the Florida Responsibility Law by depositing $2,500 with the Director of the Florida Responsibility Division, and that a failure to do so would result in a suspension of his Georgia driver operating privileges.

After receiving the above notification, Irby, accompanied by his attorney, exercised his rights to a hearing before the Georgia Department of Public Safety. Irby's main contention at the Georgia hearing was that if his Georgia license was suspended, said supension would take place prior to a meaningful "hearing on probable cause as to liability." The Georgia Department of Public Safety ruled against Irby holding that since they were acting on the doctrine of reciprocal suspensions based on foreign certificates this lack of a prior hearing in Georgia on probable cause as to liability was not relevant.

Irby appealed the department's ruling to the Clayton Superior Court, and contended that the suspension was contrary to the due process requirements set out in Bell v. Burson, 402 U. S. 535 (91 SC 1586, 29 LE2d 90). In Bell supra, the United States Supreme Court at p. 542 held that "before the State may deprive petitioner of his driver's license and vehicle registration

it must provide a forum for the determination of the question whether there is a reasonable possibility of a judgment being rendered against him as a result of the accident." The Clayton Superior Court in its order stated that the Georgia "Department's action was instigated by its receipt of a certificate from the Florida Director of Financial Responsibility Division advising that Irby had failed to comply with the law's requirements, that his driving privileges were suspended, and that he was advised of a right to a hearing." The trial judge further found that "Neither at the agency level or in this court did Irby dispute these facts, nor did he challenge the validity of the certificate or deny that he had been advised of his right to a hearing by the Florida authorities." On the question of whether the Georgia suspension could be upheld on the basis of the Florida certificate or whether Irby was entitled to a Georgia hearing on the reasonable possibility of judgment question, the trial court held that the Georgia Department was authorized to suspend Irby's "license, tags and registration pursuant to Ga. Code Ann. § 92A-609 (c)" which authorizes "reciprocal suspensions upon receipt of the foreign State's certification." The lower court further held that the requirements of Bell, supra, had been satisfied by the availability of a hearing in Florida on the question of whether there was a "reasonable possibility of judgment being rendered against the licensee in the amount claimed."

This affirmance of the department's ruling was appealed to the Georgia Court of Appeals which reversed the lower court decision. The Court of Appeals decision was based on their interpretation of a ruling made by this court in *Pope v. Cokinos,* 231 Ga. 79 (200 SE2d 275) in connection with Bell v. Burson, supra. We granted certiorari to review that ruling. *Held:*

1. The decision in *Pope v. Cokinos,* supra, was limited in that it held only that "The Motor Vehicle Safety Responsibility Law (Ga. L. 1951, p. 565, as amended) does not authorize the Department of Public Safety or its designated agent to determine 'Is there a reasonable possibility of judgment being rendered against the petitioner as a result of the accident?' in a

proceeding pursuant to the provisions of said law and the Department of Public Safety exceeded its authority in promulgating Sec. 570-6-.15 (d) of the rules and regulations. . ." providing for such a hearing. *Cokinos,* supra, further held that after a careful study of the legislative history involved in the Georgia financial responsibility laws it was apparent that "the Legislature has shown an intent to withhold from the Director authority *to determine potential liability.*" (Emphasis supplied.)

In this case the Georgia Department of Public Safety in its hearing did not make a determination on the reasonable possibility of judgment being rendered against the licensee. The only action taken by the department was a compliance with Code Ann. § 92A-609 (c) which provides that "upon receipt of a certification that the operating privilege of a resident of this State has been suspended or revoked by any state pursuant to a law providing for its suspension or revocation for failure to show proof of financial responsibility to cover damages arising out of the motor vehicle accident under circumstances which would require the Director to suspend or revoke a nonresident's operating privilege had the accident occurred in this state, the director shall suspend or revoke the license of such resident and all registration certificates and registration plates if he was the owner or operator of a motor vehicle involved in said accident. Said suspension or revocation shall continue until such resident furnishes evidence of his compliance with the law of such other state relating to the showing of proof of financial responsibility, or reinstatement of operating or registration privilege."

Due to the limited nature of the holding in *Cokinos,* supra, the action taken by the Georgia Department of Public Safety was authorized merely on the grounds of full faith and credit for rulings of not only court judgments but administrative agencies of other states. See Code Ann. § 38-630.

Under the circumstances of this case, the Court of Appeals erred in reversing the judgment of the trial court.

*Judgment reversed. All the Justices concur, except*

*Gunter and Ingram JJ., who concur specially, and Hall, J., who is disqualified.*

ARGUED APRIL 9, 1974 — DECIDED JUNE 13, 1974.

*Arthur K. Bolton, Attorney General, H. Andrew Owen, Jr., Daniel I. MacIntyre, Assistant Attorneys General, R. David Peterson, Deputy Assistant Attorney General,* for appellant.

*Robert T. Efurd, Jr.,* for appellees.

GUNTER, Justice, concurring specially.

I concur in the judgment of reversal, but the majority opinion, it seems to me, leaves the implication that the Georgia Department of Public Safety could revoke the Georgia license merely by giving "full faith and credit" to the Florida revocation.

I think it should be made clear that the Georgia Department of Public Safety cannot, upon receipt of a certificate of revocation by another state, revoke a Georgia license without according notice and a hearing to the holder of the Georgia license. Code Ann. § 92A-609 (c) is a statutory provision requiring revocation of a Georgia license held by one who has had his license issued by another state revoked by that state. But before revocation of the Georgia license takes place by virtue of this statute, the holder of the Georgia license is entitled to notice and a hearing predicated on the fact that Georgia revocation will take place because of revocation of the foreign license by the foreign state.

At such a hearing the holder of the Georgia license has an opportunity to prove that the foreign revocation took place in an illegal or unconstitutional manner. And if foreign revocation did take place in an illegal or unconstitutional manner, then "full faith and credit" is not accorded to the foreign revocation ruling.

In the case at bar the appellant was given a hearing before the Georgia Department of Public Safety. At such hearing it was incumbent upon the appellant to show that the foreign revocation ruling was illegal or unconstitutional. This he did not do. Therefore, rev-

ocation of the Georgia license was authorized pursuant to Code Ann. § 92A-609 (c).

As I read this record, the appellant was accorded procedural due process of law in the Georgia revocation proceedings, and I concur in the judgment of reversal.

I am authorized to state that Justice Ingram concurs in this special concurrence.