28946. POPE et al. v. COKINOS.

INGRAM, Justice.

The Georgia Commissioner of Public Safety appeals an adverse decision from Fulton Superior Court holding that the department has no authority to hold hearings under the Motor Vehicle Safety Responsibility Act to determine whether there is a reasonable possibility of a judgment being rendered against the holder of a Georgia driver's license as a result of an accident and that, therefore, under the present Georgia statute, the superior court has no jurisdiction on a de novo appeal

from the department to hear and decide such question.

To understand the background of the specific issue we decide on this appeal, a brief review of the history of this litigation is appropriate. In the first appeal of this case, *Pope v. Cokinos,* 231 Ga. 79 (200 SE2d 275), this court held that, "The Motor Vehicle Safety Responsibility Law (Ga. L. 1951, p. 565, as amended) does not authorize the Department of Public Safety or its designated agent to determine 'Is there a reasonable possibility of judgment being rendered . . . as a result of the accident?' . . . and the Department of Public Safety exceeded its authority in promulgating . . . rules and regulations . . . providing for such a hearing." *Department of Public Safety v. Irby,* 232 Ga. 384. *Cokinos,* supra, also held that the department's attempt by regulation to authorize such a hearing "cannot be done without clear legislative authority, if at all." Id., p. 81. *Cokinos* was a unanimous decision by this court on September 5, 1973, and the department's motion for a rehearing was denied on September 19, 1973. Thereafter, the 1974 session of the Georgia General Assembly convened and subsequently adjourned without enacting legislation to authorize a procedure for the conduct of a "fault" or "liability" hearing. This posed a dilemma for the department in view of the earlier decision of the U. S. Supreme Court in Bell v. Burson, 402 U. S. 535 (91 SC 1586, 29 LE2d 90) (1971) holding that since Georgia's "statutory scheme makes liability an important factor in the state's determination to deprive an individual of his [driver's] licenses, the state may not, consistently with due process, eliminate consideration of that factor [reasonable possibility of liability for the accident] in its prior hearing." Id. p. 541. The court stated its holding in that case as follows (p. 542): "We hold, then, that under Georgia's present statutory scheme, before the state may deprive petitioner of his driver's license and vehicle registration it must provide a forum for the determination of the question whether there is a reasonable possibility of a judgment being rendered against him as a result of the accident. We deem it inappropriate in this case to do more than lay down this requirement. The alternative methods of compliance are

several. Georgia may decide merely to include consideration of the question at the administrative hearing now provided, *or it may elect to postpone such a consideration to the de novo proceedings in the superior court.* Georgia may decide to withhold suspension until adjudication of an action for damages brought by the injured party. Indeed, Georgia may elect to abandon its present scheme completely and pursue one of the various alternatives in force in other states. Finally, Georgia may reject all of the above and devise an entirely new regulatory scheme. The area of choice is wide: we hold only that the failure of the present Georgia scheme to afford the petitioner a prior hearing on liability of the nature we have defined denied him procedural due process in violation of the Fourteenth Amendment." (Emphasis supplied.)

The department, faced with the Bell and *Cokinos* decisions and no legislation providing the machinery for a fault or liability hearing, devised a new regulatory procedure whereby the aggrieved driver, in effect, is notified by the department that before the suspension of his license becomes effective the licensee may appeal the department's determination to the superior court for a de novo hearing to consider there whether there is a reasonable possibility of his liability for the accident. The department argues that this procedure satisfies the requirements of Bell v. Burson, supra, whereas the licensee argues that it does not and that the superior court on appeal cannot pass on any question which could not be decided by the department. The Superior Court of Fulton County ruled in favor of the licensee and the department has brought that decision here for review in this case.

On its face, this new procedure by the Department of Public Safety would appear to satisfy the due process holding in Bell v. Burson, supra, as the court plainly said in Bell that Georgia "may elect to postpone such a consideration to the de novo judicial proceedings in the superior court." However, we must examine the statute itself to determine if it actually provides a "de novo judicial proceeding in the superior court" where the fault or liability question can be considered *prior* to suspension

or revocation of the driver's license. The court in Bell specifically rejected the state's argument that if it must afford the licensee an inquiry into the question of liability, that determination need not be made prior to the suspension or revocation.

The applicable statute, as last amended in 1973, is found in Code Ann. § 92A-602. It provides in pertinent part that: "the decision as rendered by the commissioner shall be final unless the aggrieved person shall desire an appeal, in which case he shall have the right to enter an appeal to the superior court of the county of his residence by filing a complaint in the superior court naming the commissioner as defendant, within 30 days from the date the commissioner enters his decision or order, except that the appellant shall not be required to post any bond nor pay the costs in advance. If the aggrieved person desires, the appeal may be heard by the judge at term or in chambers or before a jury at the first term. The hearing on the appeal shall be de novo, *however, such appeal shall not act as a supersedeas of any orders or acts of the commissioner, nor shall the appellant be allowed to operate or permit a motor vehicle to be operated in violation of any suspension or revocation by the commissioner, while such appeal is pending."* (Emphasis supplied.) As seen, the plain terms of the Act make it impossible for a meaningful hearing to be conducted in superior court on the question of fault before the suspension or revocation of the license by the commissioner becomes effective. No appeal is needed or authorized by the licensee unless there is an adverse decision by or on behalf of the commissioner. The Act clearly provides that the appeal shall not act as a supersedeas of the commissioner's decision to suspend or revoke the license. If this language is insufficient by itself to reveal the difficulty, one need only consider the remaining provisions of the Act which state the driver *shall* not be allowed to operate, or permit operation of, the vehicle, in violation of the suspension or revocation by the commissioner, while the appeal is pending in court. Thus, to get in court, the license must be suspended or revoked, and there can be no driving while the case is in court. This statutory scheme is in direct conflict with

the court's holding in Bell that a meaningful fault or liability hearing must be provided by the state *before* there can be a suspension or revocation. Whether the emphasized portion of the statute quoted above can be judicially excised in an appropriate case, because it offends the principles of decision in Bell v. Burson, supra, is not in issue in this case and cannot be adjudicated. There has been no constitutional attack upon the statute or any provision thereof and we must apply it as written in this case. In addition, if the statute actually provided a de novo hearing of the kind and quality required by the Bell decision, we would then be faced with the second issue raised on this appeal. This question concerns whether the superior court, hearing a de novo appeal from the decision of the Department of Public Safety, is limited only to the issues that could be decided by the commissioner or his designee. We do not reach this issue because it is not necessary for decision in this case.

It should be observed in conclusion that we believe it is both necessary and desirable for the Commissioner of Public Safety to have and exercise this suspension and revocation authority under the Motor Vehicle Safety Responsibility Law. This authority cannot be supplied by judicial decree and legislation is vitally needed to correct the deficiency of the present statute. In view of the decision of the U. S. Supreme Court in Bell v. Burson, supra, Georgia must provide an opportunity, through appropriate legislation, for a meaningful prior hearing on fault or liability before it can suspend or revoke a driver's license under the present Motor Vehicle Safety Responsibility statute. The trial court must, therefore, be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 11, 1974 — DECIDED JUNE 25, 1974.

*Arthur K. Bolton, Attorney General, Daniel I. MacIntyre, Assistant Attorney General,* for appellants.
*Alden C. Harrington, Kendric E. Smith,* for appellee.