## 48529. IRBY v. CHRISTIAN et al.

CLARK, Judge.

1. On certiorari the Supreme Court in *Department of Public Safety v. Irby,* 232 Ga. 384 (207 SE2d 23) reversed the judgment of our court rendered under the title of *Irby v. Christian,* 130 Ga. App. 375 (203 SE2d 284). Their reversal was limited to that portion of our opinion covered by Division 3 at page 380. Thus they disposed of all of appellant's assignments of error excepting those enumerations numbered 1 and 7 which involved procedural points.

2. At the commencement of the superior court hearing on Irby's appeal from the ruling by the Department of Public Safety the Assistant Attorney General representing the Department made two oral motions for dismissal of that appeal. One of these was based upon timeliness which was denied by the trial judge. We dealt with that contention in Division 1 of our previous opinion.

The other motion to dismiss the appeal relied upon

an alleged failure to state a claim upon which relief can be granted. No decision was made on this point by the court below. Nevertheless, appellant's enumeration of error No. 1 contends the trial court erred "in allowing and hearing the oral motion to dismiss . . . as such motion is required to be in writing." There is no merit to this enumeration. When a motion is made "during a hearing or trial," then it does not have to be in writing. Code Ann. § 81A-107 (b); *Easterling v. Easterling,* 231 Ga. 889 (204 SE2d 610). Additionally, Code Ann. § 81A-112 (b) includes this specific defense as being one of seven enumerated defenses which "may at the option of the pleader be made by motion in writing." This leaves the alternative option obviously as oral.

Although the judge below did not rule on this motion as such he did in fact render a decision on Irby's appeal. This is shown by his order which recites his review of the Department of Public Safety record and his findings of fact and law. The appellant may complain that the final judgment was adverse but he cannot gainsay that the effect of the trial court's judgment amounts to a denial of the dismissal motion.

3. The seventh enumeration of error recites that "The Superior Court of Clayton County erred in dismissing Irby's appeal." There is no merit to this enumeration because the dismissal was entered only after the court had given appellant his day in court. The portion of the order which contains the words "the appeal is dismissed" was not on the basis of sustaining the procedural dismissal motions but was for the purpose as is therein stated, which was to provide that "The Department is entitled to enforce its order at such time as this order becomes final."

4. Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

DECIDED OCTOBER 4, 1974.

*Robert T. Efurd, Jr., W. C. Dominy,* for appellant.
*Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Assistant Attorneys General,* for appellee.