## 31002. McCLURE v. HIGHTOWER et al.

HILL, Justice.

This appeal is from an order of the Cobb Superior Court dismissing James R. McClure's petition for mandamus. McClure, a police officer, sought to compel the director of public safety to restore him to the rank of sergeant in the Cobb County Police Department.

McClure had been a sergeant with the county police department until he was demoted by Director Hightower to the rank of patrolman in January 1975 based on two charges of misconduct. He appealed to the Cobb County Civil Service Board. In March the civil service board decided that a strongly written reprimand be issued, that his pay be reduced for six months, and that his performance record be reviewed in May 1975 for possible reinstatement to the rank of sergeant. In May the civil service board moved to reinstate McClure to the rank of sergeant but at the same time upheld one of the charges of misconduct.

After the director of public safety refused to restore McClure to the rank of sergeant, McClure brought an action for mandamus. One of the defenses urged by the defendants was that the civil service board failed to follow the board's rules and regulations adopted by the Cobb County Commissioners and exceeded its authority in reinstating the petitioner in that those rules and regulations authorize the civil service board only to affirm or disaffirm the actions of the appointing authority. At trial when the defendants offered those rules and regulations into evidence, plaintiff's objection was sustained.

The Cobb Superior Court dismissed the petition because the plaintiff failed to prove that the director of public safety had a legal duty to restore McClure to the rank of sergeant. McClure appeals to this court.

Although McClure sets out ten enumerations of error, the determinative issue is whether McClure met his burden of showing a clear legal right to the relief sought.

Code Ann. § 64-101 states that a writ of mandamus may issue to compel a due performance of an official duty. It must appear that the petitioner has a clear legal right to have the particular act performed. See *Smith v. Branch,* 215 Ga. 744 (113 SE2d 445) (1960); *Troutman v. Aiken,* 213 Ga. 55 (96 SE2d 585) (1957).

McClure contends that the director of public safety had a legal duty to reinstate him after the May decision of the civil service board. Ga. L. 1964, p. 2502 et seq. provides for the establishment of a civil service board in Cobb County. Among the listed duties of the civil service board is section 6 (b); "To conduct hearings and render decisions on charges preferred against persons employed . . . and to hear appeals from any employee who claims to have been improperly *dismissed.*" (Emphasis supplied.) Section 6 (a) states that the civil service board is empowered to hold public hearings and recommend to the county commissioners rules and regulations for ". . . appointments, promotions, transfers, *demotions,* separations, tenure, service ratings, *reinstatements,* appeals, and such additional regulations as may be deemed to be in the best interest of impartial selection of efficient personnel and improvement of public administration." (Emphasis supplied.)

Section 6 (b) deals with dismissals, not demotions or reinstatements. Section 6 (a) empowers the civil service board to recommend rules and regulations with regard to demotions and reinstatements, but without reviewing the rules and regulations we cannot find a legal duty requiring the director of public safety to reinstate McClure following the decision of the civil service board.

Since McClure successfully objected when the rules and regulations were offered into evidence and since such rules are not subject to judicial notice (see *Mayor &c. of Savannah v. TWA, Inc.,* 233 Ga. 885 (214 SE2d 370) (1975)), McClure did not sustain his burden of proof of showing that the director of public safety was under a legal duty to carry out the directive of the civil service board, and the trial court did not err in dismissing the

petition. *Collins v. McPhail*, 213 Ga. 626 (100 SE2d 445) (1957).

In view of the foregoing, we need not discuss the remaining enumerations of error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 5, 1976 — DECIDED JUNE 29, 1976.

*Thomas J. Charron,* for appellant.

*Awtrey, Parker, Risse, Mangerie & Brantley, Donald A. Mangerie, Toby B. Prodgers,* for appellees.