### 56455. DEKALB COUNTY et al. v. WINKLER.

QUILLIAN, Presiding Judge.

The County of DeKalb, DeKalb County Water & Sewer Department, brings this appeal from an adverse judgment rendered in the lower court on certiorari brought by the appellee from a ruling of the DeKalb County Merit System Council. The appellee, an employee of DeKalb County, had been transferred from one position to another. He contended that this resulted in a demotion and a violation of the DeKalb County Code. The trial judge found that, in effect, the transfer did amount to a demotion and was in violation of a specified section of the DeKalb County Code. The trial judge also found, over objection by the appellant, that a writ of certiorari will lie for the correction of errors committed by the DeKalb County Merit System Council. See *Anderson v. Mc-Murry,* 217 Ga. 145 (121 SE2d 22). *Held:*

1. Although reference is made to the DeKalb County Code by the trial judge and portions of the Code are referred to in briefs before the trial judge and before this court, the record reveals that the DeKalb County Code was never introduced into evidence. As held in *Leger v. Ken Edwards Enterprises, Inc.,* 223 Ga. 536, 539 (2) (156 SE2d 651) "[I]t is well established by numerous decisions of this court that judicial notice can not be taken by the superior court or this court of city or county ordinances, but they must be alleged and proved." Accord, *McClure v. Hightower,* 237 Ga. 157, 158 (227 SE2d 47). Therefore, in passing upon the issues of this case it was error to consider the DeKalb County Code.

2. The DeKalb County Merit System Council operates under the provisions of Ga. L. 1956, p. 3111 et seq. The caption of that Act sets forth among its purposes "to provide for appeals to council by employees under the merit system who have been dismissed from

employment." The body of the Act provides, under the duties and functions of the Merit System Council, that it shall "conduct hearings and render decisions on charges preferred against persons employed in the several departments and offices included in said merit system and to hear appeals from any employee who claims to have been improperly dismissed." Section 5 of the Act further provides "Any employee who is dismissed shall have the right of appeal pursuant to the terms of the rules and regulations prescribed for appeal by the merit system council."

In *Anderson v. McMurry,* 217 Ga. 145, supra, the Supreme Court permitted a writ of certiorari from a ruling by the DeKalb County Merit System Council where there was a dismissal of an employee. The Act itself deals solely with dismissal and empowers the council to rule on dismissal but goes no further. In the recent case of *Echols v. DeKalb County,* 146 Ga. App. 560 (247 SE2d 114) an employee was relieved of his duties as foreman but his employment with the county was not terminated. This court in a full bench decision and quoting the Act in question held that "the council lacked the authority to render any binding decision on Mr. Echol's complaint."

Under the circumstances of the instant case we may consider only the statute in our determination of the issues involved. See *Pope v. Cokinos,* 231 Ga. 79, 81 (200 SE2d 275); *Jenkins v. Bd. of Zoning &c. Columbus,* 122 Ga. App. 412 (177 SE2d 204.). The statute does not provide for the merit council to pass upon or make a binding determination with regard to demotions or transfers of employees. See *McClure v. Hightower,* 237 Ga. 157, 158, supra. That being true, the appellee sought relief in the wrong forum and a writ of certiorari will not lie to the superior court from the purported ruling made by the DeKalb County Merit System Council. It was error for the trial judge to permit the certiorari from that body.

*Judgment reversed. Webb and McMurray, JJ., concur.*

ARGUED SEPTEMBER 6, 1978 — DECIDED OCTOBER 30, 1978 — REHEARING DENIED NOVEMBER 28, 1978 —

*George P. Dillard, Gail C. Flake,* for appellants.
*Nicholson & Meals, Robert N. Meals, A. Lee Parks, Jr.,* for appellee.

ON MOTION FOR REHEARING.

Even if the DeKalb County Code had been introduced into evidence (which it was not) or if we took judicial notice of its provisions (which we do not) the contentions regarding the purported prevailing provisions of such Code must fail. It is argued that the DeKalb County Code empowers the DeKalb County Merit System Council to finally determine employment matters other than dismissals. However, the enabling Act, Ga. L. 1956, p. 3111, does not confer such authority upon the Merit System Council.

The Supreme Court "has consistently prohibited administrative bodies from acquiring judicial characteristics not specifically set out in enabling legislation." *Pope v. Cokinos,* 231 Ga. 79, 81 (200 SE2d 275) and cits.

*Motion for rehearing denied.*