## 57554. JONES v. CROWN CONSTRUCTION COMPANY et al.

SMITH, Judge.

Appellant Jones contends the trial court erroneously granted summary judgment to appellees, Crown Construction Company, Columbus Paint Company, Haines Layfield, and J. M. Clemmons, the latter two having carried on business under the name of Columbus Paint Company. We dismiss the appeal as to Columbus Paint, Layfield and Clemmons, and we reserve the grant of summary judgment to Crown Construction.

Appellant, a painter by occupation, was an employee of Columbus Paint during September, 1975, when the company was performing its duties as a subcontractor on a post office project in Waycross. Crown Construction was the general contractor on the project, and the contract between Crown and Columbus Paint provided that the latter was to furnish all materials for the project, including scaffolding.

During the morning of September 9, appellant and a fellow employee, utilizing a riding scaffold with railings around it in painting areas they could not reach from the

floor, painted the main auditorium of the post office. After lunch, the two proceeded to paint the post office hallway, where steel beams protruded all along the walls at a height of eight feet. Those beams prevented utilization of the riding scaffold, and the two workers decided to use instead three boards which were laying side by side across six of the beams. The 2" x 12" boards were twenty feet long, and the end of each overlapped the first and sixth beams a distance of two inches. Another subcontractor had placed the boards there two or three days before, for the purpose of supporting duct work when it was lowered so that workers could paint behind the duct work. Appellant stated he had observed employees of yet another subcontractor, who were in charge of installing sheetrock, use the boards as a scaffold on a prior occasion. The boards were attached neither to the beams nor to one another, and appellant ascertained that fact on the inspection of the boards which he conducted before using them as a scaffold. Appellant fell when one of the boards "seesawed" due to his stepping on its end, which overlapped a steel beam. After he had collected workers' compensation benefits from Columbus Paint, appellant brought this suit for personal injury against Crown. Crown impled the other appellees, seeking to recover from them, under an indemnity clause in the subcontract, any damages appellant might recover from Crown.

1. Insofar as it concerns Layfield, Clemmons, and Columbus Paint, the order appealed from did not adversely affect appellant, whose claim was solely against Crown. Appellant has no standing to prosecute an appeal against those parties, and his appeal concerning them is therefore dismissed. *Southeastern Erection Co. v. Flagler Co.*, 108 Ga. App. 831 (134 SE2d 822) (1964). "In order for . . . appellee [Crown] to present for adjudication errors or rulings by the trial court adversely affecting appellee it is required that appellee file a cross appeal or an independent appeal." *Irby v. Christian*, 130 Ga. App. 375 (1) (203 SE2d 284) (1973), reversed on other grounds by *Department of Public Safety v. Irby*, 232 Ga. 384 (207 SE2d 23) (1974).

2. Appellant contends Crown is liable because, by permitting the boards to remain as they were, it violated

its duty to exercise ordinary care not to expose him to unsafe premises. *Tect Const. Co. v. Frymyer,* 146 Ga. App. 300 (1) (246 SE2d 334) (1976). We agree that issues of fact remain as to whether Crown is liable for a shortcoming in that regard. " 'Here we start with the general proposition that issues of negligence, including such related issues as wanton or contributory negligence, are ordinarily not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner.' 6 Moore's Federal Practice (2d Ed.) 2583, § 56.17 [42]. 'Summary judgment will not usually be as feasible in negligence cases, where the standard of the reasonable man must be applied to conflicting testimony, as it is in other kinds of litigation . . . Even where there is no dispute as to the facts, it is, however, usually for the jury to say whether the conduct in question met the standard of the reasonable man,' 3 Barron & Holtzoff-Wright, Federal Practice and Procedure, 106, 109, § 1232.1." *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 260 (174 SE2d 178) (1970).

Crown protests it had no actual knowledge the boards were being used as a scaffold. Assuming that was the case, nevertheless summary judgment was not warranted, since factual issues remain as to whether Crown reasonably should have foreseen appellant would so use the boards. Neither could appellant be said to have assumed the risk as a matter of law, as the evidence did not conclusively disclose he understood the risk he was encountering, the slipping of a board, and the risk was not so obvious any reasonable man would have ascertained it. See *Sparks v. Porcher,* 109 Ga. App. 334 (136 SE2d 153) (1964) and Prosser, Law of Torts, 447-450 (4th Ed., 1971) § 68.

*Appeal dismissed in part; remainder of judgment reversed. Quillian, P. J., McMurray, P. J., Banke, Underwood and Carley, JJ., concur. Deen, C. J., Shulman and Birdsong, JJ., dissent.*

ARGUED APRIL 4, 1979 — DECIDED NOVEMBER 7, 1979 —
REHEARING DENIED NOVEMBER 28, 1979.

*Gene Burkett, James A. Hardigg,* for appellant.
*Richard A. Marchetti, Edward W. Szczepanski,* for appellees.

BIRDSONG, Judge, dissenting.

I respectfully dissent from the boldly stated assumption that appellant could not have assumed the risk as a matter of law, as the evidence did not conclusively disclose he understood the risk he was encountering (the slipping of a board) and the risk was not so obvious any reasonable man would have ascertained it.

The facts show that three twenty-foot planks, two inches thick and twelve inches wide were placed side by side, eight feet above the floor, forming a platform three feet wide. These planks were resting on steel beams approximately four inches square projecting from the wall across a hallway. These beams were spaced every three feet, so that approximately six were acting as supports to the platform. Appellant Jones had painted by roller the upper portion of the wall from one end of the platform to which he had ascended to the opposing end. Having completed the twenty-foot section, Jones was proceeding back to the point of origin, the other end of the platform. Before he reached the end of the platform, a co-worker who had trim-painted behind Jones' work called to Jones. Jones turned his head as he was walking on the platform. As Jones completed his answer and turned to look back to where he was going, he fell off the platform to the floor. Jones assumed that one of the boards moved, not from end to end, but the twelve-inch width tipped. Jones says he either fell off the platform or fell between the adjoining boards, but also he was not sure that he did not simply walk off the platform.

Jones stated without equivocation that he was not directed by the contractor to use the platform. Jones and his co-worker carefully examined the width of the boards, the location of the supporting beams and concluded that the platform was safe. Jones had seen other sub-contractors using the platform without incident and was aware that other subcontractors also had used the platform. The appellee asserts it did not know the boards were being used as scaffolding. Jones admitted the

platform appeared quite safe, with ample support and that any other person looking up at the boards would have reached the same conclusion. Jones was aware that the boards were lying loosely on the supporting beams; nevertheless, he concluded the position was safe. Jones did in fact use the scaffolding for approximately 45 minutes.

It is further undisputed that appellee Crown did not have knowledge that the particular boards were being used by an employee of the subcontractor, including the appellant.

Chief Judge Deen speaking for this court in *Jones v. Interstate North Assoc.* 145 Ga. App. 366, 368 (243 SE2d 737) stated as follows: " 'Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully on the premises. The true ground of liability is the proprietors' *superior knowledge* of the perilous instrumentality . . . *known to the owner* or occupant and *not known to the person injured* that a recovery is permitted"

This court in *Batson-Cook v. Shipley,* 134 Ga. App. 210, 212 (214 SE2d 176) held: " 'The basis of the proprietor's liability is his superior knowledge, and if the invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known conditions.' "

In the very recent case of *Tect Const. Co. v. Frymyer,* 146 Ga. App. 300 (246 SE2d 334), the above referenced rules were reiterated and approved.

The appellant having failed to establish superior knowledge, equal knowledge, or even any knowledge at all of the perilous instrumentality (scaffold) on the part of the appellee and the appellant having by his own deposition shown superior or equal knowledge on his part of the perilous and dangerous instrumentality, I am of the opinion that the trial judge was correct in granting judgment to the appellee.

I respectfully dissent. I am authorized to state that Chief Judge Deen and Judge Shulman join in this

dissent.