## S95A0302. GRANT v. GAINES.
(454 SE2d 481)

CARLEY, Justice.

In this mandamus action, Judge Joseph J. Gaines is the trial judge who presided over a jury trial which resulted in a verdict awarding Grant monetary damages in a principal amount. Although Grant requested that the judgment include an award of pre-judgment interest, the judge refused this request and entered judgment only in the principal amount awarded by the jury.

Thereafter, the judgment debtor tendered to Grant the full amount of the existing judgment and accrued post-judgment interest. Grant accepted this tender, but then filed a notice of appeal so as to raise the issue of her entitlement to an additional recovery of pre-judgment interest. The judge dismissed Grant's notice of appeal, as well as two subsequent notices of appeal. In dismissing the third notice of appeal, the judge ordered the clerk of the trial court not to accept any further notices of appeal submitted for filing by Grant. Nevertheless, Grant attempted to file a fourth notice of appeal, which, in accordance with the order, was not accepted for filing.

Grant then filed a petition for mandamus, seeking to compel the judge to allow her to proceed with the proposed appeal as to her entitlement to an additional recovery of pre-judgment interest. The action was heard by another judge of the superior court who entered an order refusing to grant the writ of mandamus. It is from that order that Grant now appeals.

Having already accepted the judgment debtor's tender of the full amount of the existing judgment, Grant seeks also to pursue the right to appeal on the ground that the amount of the existing judgment is not sufficient. This she cannot do. *Coley v. Coley*, 128 Ga. 654, 655-656 (1) (58 SE 205) (1907). Accordingly, Grant's appeal was subject to dismissal. *Coley v. Coley*, supra; *Owens v. Read Phosphate Co.*, 115 Ga. 768 (42 SE 62) (1902); *J & F Car Care Svc. v. Russell Corp.*, 166 Ga. App. 888 (305 SE2d 504) (1983).

The judge was authorized to dismiss Grant's appeal. *Attwell v. Lane Co.*, 182 Ga. App. 813, 814 (1) (357 SE2d 142) (1987). It follows that the act of dismissing Grant's notice of appeal would not constitute the "improper performance" of an official duty. OCGA § 9-6-20. Because Grant had no "clear legal right" to compel the judge to allow her to pursue her unauthorized appeal, the trial court correctly refused to grant mandamus. See *McClure v. Hightower*, 237 Ga. 157 (227 SE2d 47) (1976).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 13, 1995.

*Ronald S. Iddins*, for appellant.
*Michael J. Bowers*, Attorney General, *Stephanie B. Manis*, Deputy Attorney General, *Thomas K. Bond*, Assistant Attorney General, for appellee.