The SLAVENBURG CORPORATION,
Plaintiff,

v.

BOSTON INSURANCE COMPANY,
Defendant.

United States District Court
S. D. New York.
May 1, 1962.

Garfield, Salomon & Mainzer, New York City, for plaintiff.

Bigham, Englar, Jones & Houston, by Vincent L. Leibell, Jr., and J. Joseph Magrath, 3rd, New York City, of counsel, for defendant.

EDELSTEIN, District Judge.

This is an action on an open marine insurance policy issued by defendant to plaintiff. Plaintiff is a commercial factor and finance company, whose principal business is financing import and export shipments and other commercial transactions. Plaintiff, claiming a financial interest in 118 Volkswagen automobiles, seeks to recover the insured value thereof in the sum of $169,548.11. The automobiles were aboard the S.S. MONGABARRA which sank after a collision with another vessel. It is plaintiff's claim that the open policy automatically insured the automobiles which were lost, as well as other merchandise in which plaintiff had a financial interest that was subjected to the risks set forth in the policy, unless otherwise excluded by the policy. Defendant contends that the policy provided automatic insurance only in respect of commodities and voyages mentioned in the rate schedule thereto, and that all other commodities and voyages, including the instant shipment, were accepted for insurance from time to time by special agreement, shipment by shipment.

Defendant's principal defense is thus non-coverage by the policy of these shipments. In the event that on the trial of this action plaintiff establishes that the policy was automatic with respect to coverage of Volkswagens, defendant has set up certain affirmative defenses based on the proposition that plaintiff was obliged to report and pay premiums with

respect to all such shipments. In the amended answer, defendant has set up, as affirmative defenses, matter relating to three shipments which preceded the casualty and which defendant claims were not reported until after the casualty. As to each shipment defendant has alleged that plaintiff breached the contract by failing to declare such shipment pursuant to clause 39 [1] of the policy and defendant has pleaded its election to treat the policy as void from the date of each such breach.

Subsequent to the filing of the amended answer, defendant learned that there had been other shipments of Volkswagens which plaintiff had not declared and for which no premiums were paid during the period that the policy was in force. Defendant now moves, pursuant to Rule 15(a),[2] F.R.Civ.P., 28 U.S.C.A., for leave to file a second amended answer setting up four additional affirmative defenses based upon a representative selection of unreported shipments. Plaintiff opposes the motion on the ground that the matter sought to be pleaded is in the nature of a supplemental pleading, Rule 15(d),[3] F.R.Civ.P., and not an amended pleading, Rule 15(a), F.R.Civ.P. Plaintiff has no objection to permitting defendant to set forth the new defenses in a supplemental answer.

Plaintiff argues that to permit defendant to set up these defenses by way of amendment would deprive it of a substantial claim. It is plaintiff's contention that defendant knew or should have known, long before the present motion, that the grounds upon which it desires to declare a forfeiture of the policy existed. Plaintiff proposes, with the hope of invalidating the defense, to assert a claim that defendant thus waived its option to declare such a forfeiture. If the defenses are pleaded as amendments, then Rule 15(c) dealing with relation back of amendments would be applicable. Rule 15(c)[4] F.R.Civ.P. applies only to Rule 15(a) and not to Rule 15(d). Plaintiff is concerned lest the defenses now sought to be pleaded will, if permitted as amendments, relate back and deprive it of the opportunity to assert its waiver argument. Since the merit of plaintiff's waiver argument is a matter properly left for the trial court, it will not be considered here.

1. "39. It is warranted by the Assured to declare to the Company all shipments coming within the terms and conditions of this Policy, on the date of receiving advice thereof or as soon thereafter as·may be practicable, and to pay the premiums thereon; wilful failure to so declare or to pay premiums when due shall (at the option of the Company) render this policy null and void as and from the date of such failure."

2. "Rule 15. Amended and Supplemental Pleadings.
"(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

3. "(d) Supplemental Pleadings. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor."

4. "(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Defendant contends that the court should decide the motion for leave to amend without considering whether the amendment will relate back. In this it is correct. "The fact that Rule 15(c) makes provision for the relation back of amendments to the date of the original pleading, can not be put forward as a ground for denying leave. If this were not so, a rule with regard to amendments, intended to operate remedially, would operate to destroy the privilege of amendment at its source." Copeland Motor Co. v. General Motors Corp., 199 F.2d 566, 568 (5th Cir. 1952); Ackerley v. Commercial Credit Co., 111 F.Supp. 92, 97 (D.N.J.1953). Thus, the issue to be decided here, unencumbered by the question of relation back, is simply whether the proposed pleading is properly an amended answer as urged by defendant, or a supplemenal answer as urged by plaintiff.

■■ "An amended pleading is designed to include matters occurring before the filing of the bill, but either overlooked or not known at the time. * * * A supplemental pleading is designed to cover matters subsequently occurring but pertaining to the * * * original claim." Walder v. Paramount Publix Corp., 23 F.R.Serv. 15a.3, case 1 at 185 (S.D.N.Y.1956); Berssenbrugge v. Luce Mfg. Co., 30 F.Supp. 101 (W.D.Mo. 1939). "An amended pleading pro tanto supersedes the pleading which it amends while a supplemental pleading stands with the original and adds to it some fact or facts happening after the filing of the pleading to which it is a supplement * * *." United States v. L. D. Caulk Co., 114 F.Supp. 939, 940 (D.Del. 1953). A supplemental pleading "is designed to obtain relief *along the same lines*, pertaining to the same cause, and based on the same subject matter or claim for relief, as set out in the original [pleading]." United States v. Russell, 241 F.2d 879, 882 (1st Cir. 1957).

■ It is true, as urged by defendant, that the underlying facts which make up the subject matter of the new affirmative defenses occurred prior to the filing of the answer. But in the context of this case, that alone is not dispositive. An examination of the four proposed defenses shows that defendant is in fact pleading a present act. Clause 39 of the policy gives defendant the option of declaring a forfeiture for wilful failure of plaintiff to declare shipments and pay premiums. The proposed defenses are to the effect that no liability exists because the policy is null and void. But before the defense can come into being, the forfeiture must be declared by defendant. The language used in the proposed pleading is in the *present* tense. Thus, the proposed pleading does two things; it exercises the defendant's option to declare a forfeiture and it pleads the nullity of the policy as a defense to the action. In contrast, the affirmative defenses in the existing answer merely plead the defense in terms of a forfeiture which had been previously declared in a letter from defendant to plaintiff. Since the forfeiture which defendant now seeks to declare occurs after the filing of the answer, the proposed pleading does not qualify as an amended answer.

Defendant's proposed pleading also contains a counterclaim. Plaintiff does not object to having the counterclaim filed as an amended answer. That portion of the motion which seeks to amend the answer to set up a counterclaim is granted. That portion of the motion which seeks to amend the answer to set up the affirmative defenses is denied. Defendant will be permitted to set up the affirmative defenses in a supplemental answer.