Maurice WINKLER, Plaintiff-Appellant,

v.

COUNTY OF DeKALB, etc., et al.,
Defendants-Appellees.

No. 80–7313.

United States Court of Appeals,
Fifth Circuit.
Unit B

June 19, 1981.

Nicholson, Meals & McLaughlin, A. Lee Parks, Jr., Robert N. Meals, Atlanta, Ga., for plaintiff-appellant.

George P. Dillard, Decatur, Ga., for defendants-appellees.

Before FAY and VANCE, Circuit Judges, and ALLGOOD,* District Judge.

VANCE, Circuit Judge:

Appellant Maurice Winkler brought this 42 U.S.C. § 1983 action complaining that DeKalb County had demoted him from his position in its Water and Sewer Department without due process of law. The district court dismissed for failure to state a claim. Because we find that appellant had a protectable property interest in his job, we reverse.[1]

Winkler, a licensed engineer, was first hired by DeKalb County in 1974. In 1975 he was made project manager of the South River Advanced Waste Water Treatment Project, the largest construction project ever undertaken by the county. Two years later, in 1977, Winkler was shifted to a position as an assistant in a different division of the Water and Sewer Department. The transfer allegedly occurred in retaliation for comments made by Winkler to the Environmental Protection Agency concerning the policies of the Department Director. Although Winkler remained at the same salary level, his new position seems to have been created for the specific purpose of effectuating his transfer and carried greatly reduced responsibilities.

At this time, Winkler requested a hearing before the DeKalb County Merit System Council. As an employee classified within the DeKalb County Merit System, Winkler believed he was entitled to a hearing on the basis of several provisions of the DeKalb County Code.[2] The council gave Winkler a hearing and sustained the action. Winkler then sought review in superior court, which remanded for a second hearing before the council. On review, the superior court overturned the findings of the second hearing. It found that Winkler's new job was not within his job classification level since its duties were not similar in kind or quality to those associated with the position of project manager. The court concluded that the transfer violated section 2–3006 of the DeKalb County Code and was highly prejudicial to Winkler's record of employment. Because the court found that the transfer was without justification, it ordered that

---

* District Judge of the Northern District of Alabama, sitting by designation.

1. Although the district court dismissed for failure to state a claim both parties entered exhibits into the record. When materials outside the pleadings are considered, a motion to dismiss is generally converted into one for summary judgment. *See Bossard v. Exxon Corp.*, 559 F.2d 1040, 1041 (5th Cir. 1977), *cert. denied*, 435 U.S. 934, 98 S.Ct. 1510, 55 L.Ed.2d 532 (1978). Our result is the same under either standard.

2. The DeKalb County Code describes a classification plan by which positions requiring a certain level of training and offering comparable pay and responsibility are allocated to the same class. § 2–3064. Employees operating within the system receive jobs grouped within the classification level which they have attained. The Code states that "[c]lass specifications . . . are designed to indicate the kinds of positions which should be allocated to the several classes as determined by their duties or responsibilities . . . ." While the Code provides flexibility in allowing supervisors to alter or eliminate positions, it indicates that positions within the class should offer duties and responsibilities "of similar kind or quality." § 2–3066. The Code provides that a permanent employee who is dismissed, suspended or demoted is entitled to a hearing before the merit council. § 2–3437. The Code states that the decision of the council shall be final. § 2–3438.

Winkler be reinstated as project manager or be placed in another suitable position.

Having lost on the merits, the county argued on appeal to the Georgia Court of Appeals that the merit council had authority to make binding decisions only in cases where the employee had been dismissed. The Georgia Court of Appeals, interpreting the state statute that established the merit council,[3] accepted this argument and held that the merit council and superior court lacked subject matter jurisdiction over Winkler's case:

> The statute does not provide for the merit council to pass upon or make a binding determination with regard to demotions or transfers of employees .... That being true, the appellee sought relief in the wrong forum and a writ of certiorari will not lie to the superior court from the purported ruling made by the DeKalb County Merit System Council. It was error for the trial judge to permit the certiorari from that body.

*DeKalb County v. Winkler*, 148 Ga.App. 240, 251 S.E.2d 63, 64 (1978) (citation omitted).

After the Supreme Court of Georgia denied certiorari, Winkler instituted this suit in federal court.

This case hinges upon the determination of whether appellant possessed a property interest in his position.[4] The Constitution does not create property interests. "Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law ...." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). The Constitution guarantees, however, that a citizen may not be deprived of the benefits secured by these rules or understandings without due process of law: "It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims." *Id.* at 577, 92 S.Ct. at 2709. Whether Winkler possessed a property interest in his job entitling him to a hearing thus depends upon the rules and understandings surrounding his employment with the county.

We have repeatedly stressed that while a unilateral expectation of a benefit does not rise to the level of a protected interest, a mutually recognized entitlement will receive constitutional protection. *See, e. g., Debra P. v. Turlington*, 644 F.2d 397, 403–04 (5th Cir. 1981) (state-created expectation of diploma upon successful completion of high school supports claim to entitlement); *Glenn v. Newman*, 614 F.2d 467, 471–72 (5th Cir. 1980) (city rules stating

---

**3.** 1956 Ga. Laws 3111–17. The Act speaks directly to the procedures involved in employee dismissals. Employees may only be dismissed for cause and may upon dismissal have their claims adjudicated by the merit council. §§ 4(b) & 5. The county is empowered to create a job classification system and deal with matters such as demotions and transfers by a general delegation of powers to adopt

> rules and regulations and standards effectuating the merit system established under this Act. Such rules and regulations shall include provisions for the establishment and maintenance of job classification and compensation plans, the conduct of examinations for appointment under the merit system, the certification of eligible persons, appointments, promotions, transfers, demotions, separations, tenure, service ratings, reinstatement, appeals, and such additional regulations as may be deemed to be in the best interest of impar-

tial selection of efficient personnel and improvement of public administration.
§ 4(a).

**4.** Appellant also argues that his transfer impinged upon a protected liberty interest. Because of our disposition of this case we do not reach this issue or the question of attorneys' fees. Requests by the appellant that he be permitted to maintain this suit as a class action and that he be permitted to amend his complaint to include the fact that he was subsequently terminated from his new position have not been ruled on by the district court and are therefore not properly before us. We reject appellees' suggestion that the entire case is improperly before us because the state court determination is res judicata as to the matters in dispute. The final state court ruling in this case dealt only with the subject matter jurisdiction of the merit council and the state court.

possible grounds for dismissal created expectation of continued employment absent noncompliance); *Hennessey v. National Collegiate Athletic Association*, 564 F.2d 1136, 1145–46 (5th Cir. 1977) (affirming district court's conclusion that university's policies and practices constituted a "common law" of the institution giving rise to a property interest); *Zimmerer v. Spencer*, 485 F.2d 176, 177–78 (5th Cir. 1973) (property interest may arise from employer's words and actions whose meaning is found in usage of the past).

■ In the present case, the DeKalb County Code and the conduct of the parties establishes the existence of "rules or mutually explicit understandings," *Perry v. Sindermann*, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972), supporting Winkler's claim to entitlement. The DeKalb County Code indicates to employees that transfers will be to a position whose duties are of the kind or quality encompassed by their classification. It establishes the reasonable expectation that an employee will not be demoted to a position of vastly diminished responsibilities without cause. This expectation is further enhanced by the provisions of the code guaranteeing a hearing in cases of demotions or of prejudicial job action. It is not argued that the county did not foster such expectations or that Winkler's reliance was not justified. This is manifestly not a case in which the property right asserted is based on a subjective, unilateral expectation. *Compare* the facts of the present case *with Moore v. Otero*, 557 F.2d 435, 437 (5th Cir. 1977) (finding no property interest in case of demotion from position of corporal where municipal code "could not be clearer that a corporal serves in that special capacity only at the pleasure of the chief of police and the mayor.").

■ The county argues, however, that since the merit council is not entitled to render a binding decision in cases of demotion, Winkler's transfer did not impinge upon a constitutionally protected property interest. This argument misconceives the role of state law in due process determinations. "Although the underlying substantive interest is created by 'an independent source such as state law,' federal constitutional law determines whether that interest rises to the level of a 'legitimate claim of entitlement' protected by the Due Process Clause." *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1, 9, 98 S.Ct. 1554, 1560, 56 L.Ed.2d 30 (1978) (citations omitted). *Accord, Thompson v. Bass*, 616 F.2d 1259, 1265 (5th Cir.), *cert. denied,* —— U.S. ——, 101 S.Ct. 399, 66 L.Ed.2d 245 (1980); *LaBauve v. Louisiana Wildlife and Fisheries Commission*, 444 F.Supp. 1370, 1378–79 (E.D.La.1978) (3-judge panel). In this case, of course, the state court has not even suggested that no property interest was implicated by Winkler's transfer. The superior court found that Winkler had the right and expectation not to be transferred to a position outside of his classification without justification. The court of appeals concluded only that Winkler "sought relief in the wrong forum." It is thus clear that the state court opinions in this case in no way derogate Winkler's property interest. In any case, we agree with the second circuit that "although the primary source of property rights is state law, the state may not magically declare an interest to be '*non property*' after the fact for Fourteenth Amendment purposes if, for example, a longstanding pattern of practice has established an individual's entitlement to a particular governmental benefit." *Quinn v. Syracuse Model Neighborhood Corporation*, 613 F.2d 438, 448 (2d Cir. 1980).

■ We therefore conclude that on the facts before the district court, Winkler was entitled to an order directing DeKalb County to provide him with a hearing comporting with the standards of due process. Such a hearing must be "meaningful," *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) and must accordingly be held before a person or body empowered to render a decision. *See Mackey v. Montrym*, 443 U.S. 1, 29, 99 S.Ct. 2612, 2627, 61 L.Ed.2d 321 (1979) (Stewart, J., dissenting); *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. at 16 n.19

& 18, 98 S.Ct. at 1564 n.19 & 18. We reverse and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.