Maurice WINKLER, Plaintiff,

v.

COUNTY OF DeKALB, et al.,
Defendants.

Civ. A. No. C79–476A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 23, 1981.

A. Lee Parks, Jr. and Robert N. Meals, Meals & Parks, P.C., Atlanta, Ga., for plaintiff.

George P. Dillard, Gail C. Flake and Richard W. Calhoun, Dillard & Wolfe, P.C., Atlanta, Ga., for defendants.

## ORDER

SHOOB, District Judge.

There are three motions currently pending in this confused and confusing civil action: (1) plaintiff's motion for class certification;[1] (2) plaintiff's motion for leave to file an amended complaint; and (3) plaintiff's motion for partial summary judgment as to Count One of the complaint and for summary judgment as to Count Two of the complaint. These will be dealt with seriatim.

Before issuing its ruling on these motions, however, the Court must observe that one argument raised and reiterated by defendants since remand by the Fifth Circuit should be abandoned. This Court will not review the hearings previously accorded plaintiff to determine whether or not they comported with due process. While this Court does not fully understand the Fifth Circuit's rationale, the appellate court clearly concluded "that on the facts before the district court, Winkler was entitled to an order directing DeKalb County to provide him with a hearing comporting with the standards of due process. Such a hearing must be 'meaningful,' *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) and must accordingly be held before a person or body empowered to render a decision." *Winkler v. County of DeKalb*, 648 F.2d 411, 414 (5th Cir. 1981). A review of previous hearings as suggested

---

1. Plaintiff's motion for class certification was filed on June 25, 1979, in timely fashion. Because of the Court's disposition of defendants' motion to dismiss, it was unnecessary for the Court to make a ruling on plaintiff's motion. Order of this Court dated December 18, 1979. However, plaintiff's motion has now been renewed by plaintiff. The motion has been thoroughly briefed by both sides and is now ripe for adjudication.

by defendants would be inconsistent with this opinion and would violate the Fifth Circuit's mandate.

A. Plaintiff's Motion for Class Certification.

■ On June 22, 1979, within ninety days after the filing of the complaint, *see* Local Court Rule 221.13, plaintiff moved the Court for an order certifying Count Two of the complaint as a class action under Fed.R. Civ.P. 23(b)(1), (b)(2) or (b)(3). Count Two of the complaint alleges, essentially, that defendants have failed to provide class members with a meaningful due process review procedure for the protection of class members' interests in their employment. Defendants oppose the motion for class certification. The Court has read and considered the motion, its supporting documents, and the various briefs. For reasons set forth briefly below, the Court concludes that it is appropriate to certify Count Two of plaintiff's complaint as a class action [2] pursuant to Fed.R.Civ.P. 23(b)(2).

Five requirements must be met for certification under Rule 23(b)(2). Four prerequisites to a class action are spelled out in Rule 23(a):

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

And the requirement of Rule 23(b)(2) itself must be met. That section provides that

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. . . .

These requirements will be dealt with in order.

■ 1. Numerosity. The proposed class is a class of all present and future permanent employees of defendant County of DeKalb whose positions are or will be classified under the DeKalb County Merit System. The proposed class would number in the thousands. *See* Defendants' Response to Plaintiff's First Interrogatories, filed September 21, 1979. Clearly the numerosity requirement is met.[3]

2. Common questions of law or fact. Here, there are common questions of law *and* fact. The class is drawn with these common aspects in mind. Each member of the class has a protectable property interest in continued employment without demotion which is not protected at present by any due process review mechanism. This requirement has been met by plaintiff.

3. Typicality of claims. Once adverse personnel action short of termination is taken against another class member, that class member's legal claims become identical to plaintiff's: that is, the class member has been deprived of a property interest without any way to have the action reviewed in a proceeding which complies with due process requirements. The typicality prerequisite is met.

---

**2.** (4) When appropriate (A) an action may be brought or maintained as a class action with respect to particular issues, or (B) a class may be divided into subclasses and each subclass treated as a class, and the provisions of this rule shall then be construed and applied accordingly.

Fed.R.Civ.P. 23(c).

**3.** The argument might be made that while there are thousands of permanent, classified DeKalb County employees, the number of persons in plaintiff's position (whether demoted, suspended or otherwise adversely affected by adverse personnel action short of termination) is much smaller. Two responses may be made. First, the smaller class would be very difficult to identify (and hence not susceptible of joinder) but readily definable. Thus the smaller class would still be certifiable. Second, more important, the interests plaintiff seeks to protect on behalf of the class are common to all of the members of the class: all permanent, classified employees of defendant DeKalb County have a constitutionally protected property interest in their employment. *Winkler, supra,* at 414.

4. *Fair and adequate representation.* Plaintiff's successful appeal of this Court's dismissal of his action establishes that this plaintiff will fairly and adequately represent the class. Plaintiff's counsel's skillful prosecution of the appeal and of this action in district court, both before appeal and on remand, establishes his qualification to handle this class action. *See also* Affidavits of Maurice Winkler and A. Lee Parks, Jr., filed June 22, 1979 in support of plaintiff's motion for class certification. This prerequisite is clearly met.

5. *Defendants' action on grounds generally applicable to the class.* Defendants' actions and refusals to act have been taken consistent with the provisions of the DeKalb County Code. These provisions are "grounds generally applicable to the class." Further, no damages are sought pursuant to Count Two; only declaratory and injunctive relief is sought. Accordingly, the requirement of Rule 23(b)(2) is met.

In sum, the Court GRANTS plaintiff's motion for class certification and hereby CERTIFIES pursuant to Count Two of plaintiff's original complaint a class of "all present and future permanent employees of defendant County of DeKalb whose positions are or will be classified under the DeKalb County Merit System."

B. Plaintiff's Motion for Leave to File First Supplemental Complaint.

Plaintiff's amended complaint would add a third count to the complaint based on an event which has occurred since the original complaint was filed, namely, plaintiff's termination. Plaintiff's original complaint was dismissed by this Court on December 18, 1979; plaintiff was fired about seven weeks later. The motion is opposed.

■ Rule 15(d) of the Federal Rules of Civil Procedure provides:

Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplement-

ed. . . . If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

Plaintiff's firing is clearly an event related to the claims in his original complaint and it occurred after the original complaint was filed. Defendants, however, contend that the amendment is untimely and imply that plaintiff was less than diligent in filing the motion. This contention is without merit. Plaintiff was fired *after* his complaint was dismissed. To have filed his motion to amend any earlier, plaintiff would have had to file a motion to amend a complaint which had already been dismissed. That would have been an exercise in futility.

Plaintiff's motion for leave to file an amended complaint is GRANTED, and the amended complaint is deemed filed as of the date of this order. Defendants are ORDERED to file their answer(s) to the supplemental complaint within 20 days from the date of this order.

C. Plaintiff's Motion for Partial Summary Judgment as to Count One and for Summary Judgment as to Count Two.

Plaintiff asks for partial summary judgment as to Count One of the complaint in the form of plaintiff's attorney's fees and expenses, incurred in state administrative and court proceedings, as compensatory damages for the defendants' deprivation of plaintiff's interest in his employment without due process of law. The amount sought from defendants is $20,592.05. As for Count Two, plaintiff asks for summary judgment in all respects.

On Count Two, Mr. Winkler seeks certification of that aspect of the Complaint as a class action; his appointment as the class representative and the undersigned counsel as attorneys for the class. Based on the mandate of the United States Court of Appeals in the referenced matter, Mr. Winkler respectfully requests that the declaratory and injunctive relief prayed for in Count Two be granted and further that he, as the prevailing party,

and his attorneys of record be awarded the attorneys fees and legal costs and expenses incurred in vindicating the constitutional rights of the class members. Motion, page two. For reasons set forth below, plaintiff's motion is GRANTED.

*Count One.* Plaintiff seeks a summary judgment on his claim for compensatory damages in the amount of legal fees and expenses he incurred in state administrative and court proceedings.[4] 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The Court of Appeals has determined that plaintiff had a property interest in his position under state law, and that "Winkler was entitled to an order directing DeKalb County to provide him with a hearing comporting with the standards of due process." Implicit in that holding is the finding that previous hearings have *not* complied with due process standards. Accordingly, defendants are liable to plaintiff in this § 1983 action. The question is whether the attorney's fees and expenses sought are properly an element of damages.

In *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), the Supreme Court established the principle that the purpose of an award of damages under § 1983 is to compensate persons for injuries caused by the deprivation of constitutional rights. *Id.*, 435 U.S. at 254, 98 S.Ct. at 1047. Without reaching the issue of whether defendants have agreed to their liability for these expenses by two apparent offers of judgment,[5] this Court concludes that these expenses, incurred by plaintiff in attempting to secure reversal of his demotion, are properly compensable to plaintiff. These lengthy proceedings resulted in a final ruling by the Georgia Court of Appeals that defendants had established a mechanism for review of adverse personnel actions which was without jurisdiction to render the decisions it was making. *DeKalb County v. Winkler*, 148 Ga.App. 240, 251 S.E.2d 63 (1978). Once the Fifth Circuit determined that plaintiff had a property interest in not being demoted under State law (but not before), it became clear that defendants had indeed deprived plaintiff of his position without due process. These attorney's fees and expenses are losses intimately connected with that deprivation and are compensable under § 1983. *See Endicott v. Huddleston*, 644 F.2d 1208, 1216 (7th Cir. 1980).

Thus, there remains for determination only the amount of the damages under this portion of Count One. The issue has been thoroughly briefed, and neither plaintiff nor defendants have requested a hearing. However, due to the importance of this litigation, the fact that defendants dispute the necessity of plaintiff's counsel's time expenditures, and the requirement that this Court make detailed findings pursuant to the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), this Court will hold a hearing on February 5, 1982, at 2:00 pm as to the amount of plaintiff's damages under Count One.[6]

*Count Two.* There are four separate areas of relief sought by plaintiff Winkler

---

4. The Court notes that in the alternative, plaintiff might have sought to recover these fees and expenses directly under 42 U.S.C. § 1988, as the prevailing party, by analogy to *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980).

5. *See* defendants' response to plaintiff's motion for summary judgment, filed September 9, 1981, at page two, paragraph seven; and plaintiff's reply brief to defendants' response to plaintiff's supplemental brief in support of his motion for summary judgment, filed December 14, 1981, at page one.

6. The parties may, of course, obviate the hearing by reaching a settlement as to plaintiff's very detailed claim of $20,592.05.

and the class he represents in Count Two: class certification measures; declaratory and injunctive relief for the class; relief for the named plaintiff; and plaintiff's attorney's fees.

1. Class certification measures. The Court granted plaintiff's motion for class certification at page five of this order, above. Thus plaintiff Winkler is the named plaintiff and representative party for the class, and his counsel Robert N. Meals and A. Lee Parks, Jr., of the law firm of Meals & Parks, P.C., are attorneys for plaintiff class.

In an Appendix to plaintiff's proposed order for the Court, plaintiff set out a proposed notice for class members. In light of the various rulings contained in this order, the Court hereby DIRECTS counsel for the parties to meet and confer personally, and attempt to reach agreement on, the content of any notice to class members. Should counsel be unable to reach agreement on this issue, the Court will hear argument from counsel at the hearing set for February 5, 1982, and will issue its ruling shortly thereafter.

■ 2. Declaratory and injunctive relief. The Court of Appeals has concluded that the review procedures accorded plaintiff fell short of due process requirements, and that plaintiff must now be afforded a due process hearing by defendant DeKalb County. However, the parties agree that there is no such review procedure presently in existence. While this Court is reluctant to order defendant DeKalb and its political and executive branches to adopt constitutional legislation, the plaintiff and his class are clearly entitled to relief. Accordingly, this Court hereby ENJOINS defendants from taking any adverse personnel action short of termination (which includes, but is not limited to, demotion, reduction in rank or pay, transfer and suspension) against any member of plaintiff class until further order of this Court. The Court DIRECTS counsel for the parties to meet and confer personally to attempt to reach agreement on the establishment of a procedure, in compliance with due process requirements,

which will permit plaintiff class members to secure review of deprivations of protectable property interests before a "person or body empowered to render a decision." *Winkler v. County of DeKalb, supra,* 648 F.2d at 414. If the parties are able to reach an agreement, the Court will vacate this injunction as soon as the terms of the agreement become effective. Should the parties be unable to reach an agreement, (1) the Court will hear from the parties on this issue at the hearing on February 5, 1982, but (2) the Court will not lift its injunction until it determines in an order that defendant DeKalb County has in place a body capable of providing potentially aggrieved class members with a due process hearing.

3. Plaintiff Winkler. Plaintiff Winkler received the demotion complained of over four and a half years ago. To this date, he has not received a due process hearing. Accordingly, it is ORDERED that defendants give him such a hearing within 60 days from the date of this order before the body required above. The Court will entertain prayers for further relief for Winkler at the February 5, 1982, hearing.

■ 4. Attorney's fees. Plaintiff has prevailed on every significant aspect of this federal litigation and has now secured very valuable relief for all DeKalb County permanent, classified employees. "Defendants concede that plaintiff has made a substantial recovery which would authorize the Court to award attorney's fees...." Defendant's response to plaintiff's motion for summary judgment, page 2, ¶ 6. Only the timing and the amount of the award are in question. The Court will make an interim award to plaintiff of his attorney's fees incurred through oral argument before the appellate court. As with plaintiff's damages pursuant to Count One of the complaint, the Court will take up this matter at the hearing set for February 5, 1982, unless the parties reach an accommodation among themselves before the hearing.

## CONCLUSION

(1) Plaintiff's motion for class certification is GRANTED, and the Court hereby

CERTIFIES a class of "all present and future permanent employees of defendant County of DeKalb whose positions are or will be classified under the DeKalb County Merit System," whose named representative is plaintiff Maurice Winkler and whose attorneys are Robert N. Meals and A. Lee Parks, Jr., of the law firm of Meals & Parks, P.C.

(2) Plaintiff's motion for leave to file his first supplemental complaint is GRANTED, and the amended complaint is deemed FILED as of the date of this order. Defendants are ORDERED to file their answer(s) to the amended complaint within twenty days from the date of this order.

(3) Plaintiff's motion for partial summary judgment as to Count One and for summary judgment as to Count Two is GRANTED in the following respects:

(a) Plaintiff is GRANTED judgment against defendants for a reasonable attorney's fee and expenses in connection with state administrative and state court proceedings.

(b) The Court hereby ENJOINS defendants from taking any adverse personnel action short of termination (which includes, but is not limited to, demotion, reduction in rank or pay, transfer and suspension) against any member of plaintiff class until further order of this Court.

(c) Defendants are ORDERED to provide named plaintiff Winkler with a due process hearing on his demotion within 60 days from the date of this order.

(d) The Court hereby AWARDS plaintiff his attorney's fees for this litigation, through oral argument before the Fifth Circuit, in an amount to be determined.

(4) Counsel for the parties are DIRECTED to confer personally and attempt to:

(a) reach an agreement on the amount of plaintiff's damages under Count One of the complaint;

(b) agree on the terms of any notice to plaintiff class members;

(c) reach an agreement on the interim award of attorney's fees to plaintiff for this federal action through oral argument before the Fifth Circuit; and

(d) establish a procedure, which complies with due process requirements, that permits plaintiff class members to secure review of deprivations of protectable property interests in employment before a person or body empowered to render a decision. *See also* page ten of this order, above.

(5) PLEASE TAKE NOTICE that on February 5, 1982, at 2:00 pm in Courtroom 1905, the Court will hold a hearing on those of the immediately preceding issues (as to which counsel are directed to confer, # # (4)(a)–(d)) which remain unsettled; and on the question whether named plaintiff Winkler is entitled to any further relief.

An appropriate judgment shall be entered after the hearing.