Kelvin ALBRECHT, Plaintiff,

v.

The LONG ISLAND
RAILROAD, Defendant.

No. CV 89–3251.

United States District Court,
E.D. New York.

Jan. 25, 1991.

Altier & Barash by Philip P. Vogt, New York City, for plaintiff.

Rivkin, Radler, Bayh, Hart & Kremer by Heidi Schaffer–Doloboff, Uniondale, N.Y., for defendant.

MEMORANDUM AND ORDER

WEXLER, District Judge.

In the above-referenced action, Kelvin Albrecht, ("plaintiff"), seeks damages under the Federal Employers' Liability Act ("FELA"), 45 U.S.C.A. § 51 *et seq.*, for alleged injuries to his lower back resulting from a work-related accident. Named as defendant is the Long Island Railroad, ("LIRR" or "defendant"). Currently before the Court is plaintiff's motion to supplement the original complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, so as to include additional claims arising out of a second accident which occurred approximately seven months after the first incident cited in the

complaint. For the reasons stated below, plaintiff's motion is denied.

## BACKGROUND

Plaintiff is an employee of the LIRR and was at the time of the original accident, which occurred on October 4, 1988, while plaintiff was working at the LIRR's Stony Brook station. Amended Complaint at para. 4, 5. On or about October 3, 1989 plaintiff commenced this action, pursuant to FELA, alleging that the LIRR was negligent in failing to provide him with a safe workplace. *Id.* at para. 13.

On or about April 25, 1990, and subsequent to the filing of the original complaint, plaintiff alleges that he injured his lower back a second time, at the LIRR's Hicksville station. *Id.* at 19, 23, and 26. Plaintiff asserts that the original complaint should be supplemented to include the second accident based on the ground that the injuries are the same, as well as asserting that the defendant and certain witnesses are identical.

## DISCUSSION

Rule 15(d) of the Federal Rules of Civil Procedure provides for a motion to supplement pleadings so as to include subsequent occurrences which are related to the original complaint and do not prejudice the opposing party. Fed.R.Civ.P. 15(d). A supplemental pleading is designed to cover matters that occur subsequent to the filing of the complaint, but pertain to the original pleadings. *See Slavenburg Corp. v. Boston Ins. Co.*, 30 F.R.D. 123, 126 (S.D.N.Y. 1962) (citations omitted). Thus, under Rule 15(d), a party may supplement the original pleading to include subsequent occurrences which are related to the claim presented in the original complaint, absent prejudice to the nonmoving party. *See Argus Inc. v. Eastman Kodak Co.*, 552 F.Supp. 589, 602 (S.D.N.Y.1982).

In the case at bar, plaintiff's motion to supplement the original complaint fails to satisfy Rule 15(d) in that the subsequent accident is unrelated to the original complaint. *See* 6A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 1510 (1990). Plaintiff asserts that the two accidents are related since the alleged injuries,

medical experts, and defendant are the same. However, these similarities are essentially superficial, and based on the papers before the Court it is clear that the two accidents are distinct and unrelated. In point of fact, they each occurred at different stations, and apart from the common ownership by defendant, plaintiff does not dispute that the stations are separate and unrelated.

In addition, the facts and circumstances surrounding the first accident clearly differ from those of the latter incident. The original complaint concerns the specific conditions at the Stony Brook station and the circumstances leading up to the accident, whereas the subsequent accident would require significantly different evidence and witnesses.

Plaintiff's reliance on *Winkler v. DeKalb County*, 540 F.Supp. 169 (N.D.Ga.1981), is misplaced. In *Winkler*, plaintiff brought suit against a county's water and sewer department, alleging that he had been demoted without due process of law. After plaintiff's complaint was dismissed, he was terminated. The court granted plaintiff's motion to supplement his complaint pursuant to Rule 15(d) because the court found that "[p]laintiff's firing is clearly an event related to the claims in his original complaint and it occurred after the original complaint was filed." *Id.* at 172. In the case at bar, plaintiff's subsequent accident on April 25, 1990, appears totally unrelated to the initial accident of October 4, 1988.

Furthermore, under Rule 15(d) a motion to supplement a complaint will be denied if the resulting complaint prejudices the opposing party. *See Argus*, 552 F.Supp. at 602. Plaintiff herein asserts that judicial economy will be served if the original complaint is supplemented and the actions tried together. However, in light of the unrelated nature of the two accidents, it is clear that the incidents are more appropriately treated as two separate actions. The introduction of separate sets of witnesses and unrelated testimony regarding the two locations will likely confuse the trier of fact, thereby prejudicing the defendant. *See e.g., Reisner v. General Motors*, 511 F.Supp. 1167, 1172 (S.D.N.Y.1981),

**42**

*aff'd,* 671 F.2d 91 (2d Cir.), *cert. denied,* 459 U.S. 858, 103 S.Ct. 130, 74 L.Ed.2d 112 (1982). Finally, it is to be noted that the Court agrees with defendant's assertion that, since both claims against defendant allege negligence, the finder of fact might infer that defendant is generally negligent, further prejudicing defendant. Based on these points, it is within the Court's discretion to find that plaintiff's motion must be denied.

## CONCLUSION

For the reasons stated above, this Court finds no relation between the October 1988 accident and the subsequent April 1990 accident sufficient to justify supplementing the original complaint under Rule 15(d) of the Federal Rules of Civil Procedure. Accordingly, plaintiff's motion to supplement his complaint is denied.

SO ORDERED.