IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10422
Summary Calendar

_____

TERRY C. RICHARDS,

Plaintiff-Appellant,

versus

CITY OF WEATHERFORD,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CV-1807-E
--------------------
October 16, 2001

Before JOLLY, DAVIS and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Terry C. Richards (Richards) appeals the district court's dismissal of his civil rights compliant for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The district court, having dismissed Richards' due process claims, declined to exercise supplemental jurisdiction over his state-law claims.

Richards argues that he had a protected property interest in his duties and responsibilities as a municipal judge, which he was unable to perform after he was placed on administrative leave. He does not, however, point to any guarantee, mutual

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

understanding, contract, law, or oral agreement, that created a protected property interest in his duties and responsibilities as a municipal judge. See Tex. Gov't Code Ann. §§ 29.003 and 29.005; Jett v. Dallas Indep. Sch. Dist., 798 F.2d 748, 754 (5th Cir. 1986); Winkler v. County of DeKalb, 648 F.2d 411, 414 (5th Cir. 1981); Kelleher v. Flawn, 761 F.2d 1079, 1087 (5th Cir. 1985). Accordingly, the district court did not err in finding that Richards had failed to state a claim that the defendant deprived him of a protected property interest.

Richard also argues that the defendant deprived him of a protected liberty interest. We will not consider his claim, made for the first time on appeal, that his placement on administrative leave was tantamount to a constructive discharge. See Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998). This court has held that when an employee retains his position even after being defamed by a public official, the only claim of stigma he has derives from the injury to his reputation, an interest that does not rise to the level of a liberty interest. See Moore v. Otero, 557 F.2d 435, 437-38 (5th Cir. 1977). Accordingly, because Richards was placed on administrative leave, and not discharged, he cannot state a claim that he was deprived of a protected liberty interest.

Richards has also failed to show that the district court abused its discretion in declining to exercise supplemental jurisdiction over his state-law claims. See Batiste v. Island Records, Inc., 179 F.3d 217, 226 (5th Cir. 1999). The district court's judgment is therefore AFFIRMED.